OPINION OF THE COURT
S. Herman Klarsfeld, J.
The defendant waived, a jury trial on charges of attempted grand larceny (Penal Law, §§ 110, 155.30) and jostling (Penal Law, § 165.25). The prosecution called one witness, Police Officer Groves and then rested its case. The defendant called no witnesses on his behalf and then rested his case.
FINDINGS OF FACT
Police Officer Groves first saw the defendant at approximately 6:20 P.M. on August 2, 1979 in a subway station and issued him a ticket for trespass on the charge of failing to pay his fare. The defendant smelled of alcohol. At about 8:15 P.M. Police Officer Groves who was in uniform on train patrol entered the second car of a Queens bound F train stopped at 42nd Street. There were approximately 20 persons in the car at the time he entered. From a distance of approximately 15 feet he observed the defendant standing over a seated male passenger who was asleep. The defend *286 ant was shaking the passenger’s right shoulder with his left hand and placed his right hand in the man’s left jacket pocket. There was no property belonging to the passenger recovered from the defendant. The defendant then noticed the police officer, ran to the other end of the subway car and attempted to open the door leading to the next car. The door was locked, however, and the officer apprehended the defendant and awoke the sleeping male. The threesome exited at the 47th Street station and the officer informed the alleged victim of what he had observed and asked him if any of his property was missing. The alleged victim refused to give his name to the police officer and walked away. There was no conversation between the defendant and the passenger during the several minutes that the three were together nor any visible recognition of the defendant by the passenger or vice versa. The court finds the police officer’s testimony frank, candid and entirely credible.
CONCLUSIONS OF LAW
The People have failed to sustain their burden of proof as to the existence of any property in the sleeping, passenger’s pocket. Absent such proof the People have failed to prove beyond a reasonable doubt an essential element of attempted grand larceny in the third degree under subdivision 5 of section 155.30 of the Penal Law in that there was no proof of any property in the passenger’s pocket. Therefore the court finds the defendant not guilty of the charge of attempted grand larceny.
With respect to the jostling charge the court finds that the People have met their burden of trial proof. There was no evidence presented to the court, either circumstantial or direct, from which an inference can be drawn that the defendant had the passenger’s permission or consent to place his hand in the passenger’s pocket. The line of questioning on cross-examination covered such areas as whether the police officer knew if the sleeping man was a diabetic; if he knew that the defendant was looking for medicine to help the passenger; whether he noticed if the defendant and the passenger were talking prior to the officer entering the car or whether he knew if the same two were friends. The po *287 lice officer answered each of these inquiries in the negative. From those negative responses the court cannot speculate as to facts for which no proof has been offered. A question is not an answer nor is it evidence and from those questions the court cannot draw an inference of defendant’s innocence.
In his motion to dismiss, the defendant also argues that the People’s case must fail as a matter of law since there was no testimony by the alleged victim. However, testimony by the alleged victim is unnecessary to prove the crime of jostling. (People v Burgos, 82 Misc 2d 353.) A conviction for jostling requires only that the defendant’s hand be placed in the proximity of “another’s pocket or handbag” and is thus basically an inchoate theft offense. (See Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.25; People v Albo, 139 Misc 852.) In fact, jostling may occur when a victim is pickpocketed without any knowledge whatsoever that the crime has been committed. Very often, an unknowing victim will walk away from the scene, only to find out later that his property has been removed from his person.
The court finds that the People have proved beyond a reasonable doubt every element of the crime of jostling, in that the defendant intentionally and unnecessarily placed his hand in the proximity of the passenger’s pocket. The actual placing of the hand in the pocket, as was the case here, meets the statutory requirement of “in the proximity of a person’s pocket”. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.25; People v Thomas, 36 NY2d 514.) Defendant’s motion to dismiss after the People’s case which was reserved by the court, is denied.