OPINION OF THE COURT
Alan I. Friess, J.
The issue in this case is one that confronts our courts on a daily basis. Surprisingly, there are no reported cases on point.
In the same accusatory instrument defendants are accused of the class A misdemeanors of attempted grand larceny in the third degree (Penal Law, §§ 110.00,155.30), possession of burglar’s tools (Penal Law, § 140.35), and criminal mischief in the fourth degree (Penal Law, § 145.00).
The accusatory instrument provides as follows:
“Deponent states that he observed the defendants, acting in concert, with intent to deprive another of property and to appropriate the same to themselves or to a third person and without the consent of the owner thereof, and with the use of burglar’s tools, to wit: slammer, screwdriver and wrench, in possession of a 1974 Chevy, in that the defen *898 dant Jessie Hurtado was inside the 1974 Chevy NY License #3833 ALM and that said burglar’s tools were found on the floor underneath the wheel, while the defendants Parra and Morales[1] were in proximity to said vehicle.
“Deponent further states that the defendants, with intent to damage property of another and having no right to do so nor any reasonable ground [to] believe that they had such right damaged the ignition of the aforementioned vehicle in that the ignition was partially broken and did have scratch marks on the surface.
“Deponent is informed by Luis Bonet, of an address known to the District Attorney’s Office, that he is the owner of said vehicle and that the defendants did not have permission or authority to damage said car, or to take, use or possess said car.
“Each defendant made statements.”
While the accusatory instrument as it currently exists is sufficient in its form and content (CPL 100.40, subd 4) and alleges every element of the charges pending against defendants, the People have conceded they will be unable to obtain the supporting deposition (CPL 100.20) of Luis Bonet. Thus, they are unable to convert fully the misdemeanor complaint to an information as required by CPL 170.65.
Defendants now move to dismiss the accusatory instrument as insufficient on its face. (See CPL 100.40, subd 1, par [c].) They claim that the failure of the People to supply a supporting deposition from Bonet alleging that the defendants did not have permission or authority to damage or possess the automobile causes the entire instrument to be defective.[2]
Relying on People v Borrero (26 NY2d 430), the People contend that the lack of permission of the true owner to *899 damage or possess the automobile can be proved by the circumstantial evidence surrounding the event. In Borrero, the Court of Appeals held that circumstantial evidence of defendant’s lack of ownership could be inferred from the defendant’s conduct. The court reasoned that common experience would suggest the defendant was breaking into another person’s automobile when he was seen prying at the vent window and when approached by another individual put the screwdriver under his coat and walked away. (People v Borrero, supra, at p 436.) The People contend that defendant’s similar conduct, which was observed by the deponent police officer is sufficient to show circumstantially their lack of ownership and thus make the information sufficient.
The People’s reliance on Borrero is misplaced. Borrero involved the conviction at trial of a defendant for possession of burglar’s tools. The court’s holding was that circumstantial evidence was sufficient at trial to prove beyond a reasonable doubt that the tools were used under circumstances evincing an intent to commit a crime.
The procedural requirement under CPL 100.40 (subd 1, par [a]) is distinguishable from the evidentiary requirements at a trial.[3] It is a nonwaivable jurisdictional prerequisite that an information contain in its factual portion each and every element of the offense charged. (People v Hall, 48 NY2d 927; People v Case, 42 NY2d 98.) For the information to be sufficient each of these elements must be set out in the form of a nonhearsay allegation (CPL 100.40, subd 1, par [a]). By nonhearsay it is meant that type of evidence which would be admissible at trial. (People v Conoscenti, 83 Misc 2d 842, 844.)
It is an essential element to the crime of criminal mischief in the fourth degree that the property damaged belong to another person (Penal Law, § 145.00). Likewise, it is an element to a'larceny crime that the property be taken from its owner (Penal Law, § 155.05). The only factual allegations alleged in this accusatory instrument *900 that establish these elements are based upon the hearsay statements of the deponent and are the type of hearsay which would not be admissible at trial. Therefore, the allegations containéd in the information that charge the defendants with the crimes of criminal mischief in the fourth degree and attempted grand larceny in the third degree are dismissed as being insufficient upon their face (CPL 100.40, subd 1, par [c]).
However, that portion of the information that charges defendants with possession of burglar’s tools should not be dismissed. A person is guilty of possession df burglar’s tools when he possesses any tool under circumstances evincing an intent to use them in the commission of a crime (Penal Law, § 140.35). It is clear from the face of the information that the statements of the deponent are sufficient to establish each and every element of this crime. (People v Iannone, 45 NY2d 589, 600-601.) The statements by the deponent indicate that defendants were in possession of these tools (see People v Brown, 112 Misc 2d 471). Under the circumstances, this evinces an intent to use them unlawfully. All relevant allegations are also nonhearsay (People v Conoscenti, supra). Therefore this charge passes muster under CPL 100.40, subd 1, par [c]) and should not be dismissed. A trial is ordered on this charge only.

. No motion to dismiss has been made on behalf of Mr. Morales since he has pleaded guilty to disorderly conduct earlier in the proceedings.

. The Appellate Term, First Department, has held in People v Colon (112 Misc 2d 790) and People v Callender (112 Misc 2d 28, mot for lv to app den 55 NY2d 880) that the People can convert a misdemeanor complaint to an information at any time up until the eve of trial. However, as the People have conceded that they will not be able to file a supporting deposition, they have precluded themselves from doing so in the future. Therefore, this motion is proper at this time.

. It should be noted that CPL 100.40 was enacted subsequent to the Borrero decision. Even if this procedural requirement was not distinguishable from the evidentiary conclusion reached in Borrero, arguably its enactment subsequent to the Borrero decision modifies the holding in that case.