OPINION OF THE COURT
Leslie Crocker Snyder, J.
Defendant is accused of a class A misdemeanor of criminal mischief in the fourth degree (Penal Law, § 145.00). The accusatory instrument provides as follows:
“Deponent states that he is informed by a complaining witness that she observed the defendant, having no right to do so nor any reasonable ground to believe he had such right intentionally damage the property of another in that informant observed the defendant punch out the subway window, thereby causing it to break.
“Deponent further states that he is informed by transit agent Serrano, that he is custodian of said property and defendant had no permission or authority to engage in said conduct.”
Relying on People v Hurtado (116 Misc 2d 897, Friess, J.), defendant moves to dismiss the accusatory instrument as insufficient on its face, claiming that the failure of the People to *400 supply a supporting deposition from transit agent Serrano alleging that the defendant did not have permission or authority to engage in said conduct causes the instrument to be defective.
The issue before this court is whether a corroborating affidavit is needed to convert a complaint to an information to show ownership when the fact of ownership can be inferred circumstantially from the facts of the complaint.
Various courts have permitted circumstantial evidence to establish necessary elements of a crime. In People v Weems (NYLJ, Dec. 1, 1980, p 7, col 1), the Appellate Term, First Department, permitted intent to be established circumstantially. The court held that the absence of the word intent was not automatically fatal at the pleading stage when intent could be inferred from the facts alleged in the accusatory instrument. (See, also, People v Firaga, Crim Ct, NY County, docket No. IN009965, 1981, Fried, J.)
More to the point, it is well established that in a jostling case the People need not introduce a corroborating affidavit from the alleged victim either at the pleading stage or at the trial stage to establish the defendant’s lack of permission or authority to take property from the victim. In such cases, the identity of the victim is often completely unknown but this is not a bar to prosecution or conviction. (People v Burgos, 82 Misc 2d 353, Milonas, J.; People v Rivera, 105 Misc 2d 285, Klarsfeld, J.)
The well-settled rule regarding the sufficiency of circumstantial evidence in this context was stated in People v Borrero (26 NY2d 430). In Borrero, the court upheld the defendant’s conviction after trial for the criminal possession of burglar’s tools in attempting to gain entrance to an automobile despite the failure of the People to introduce direct proof of another’s ownership of the subject vehicle. Relying on People v Wachowicz (22 NY2d 369), the Borrero court held that “In testing the sufficiency of circumstantial evidence, this court has often said that (a) the hypothesis of guilt should ‘flow naturally from the facts proved, and be consistent with them all’; and (b) the facts proved must all be consistent with guilt and inconsistent with innocence and exclude ‘to a moral certainty’ every reasonable hypothesis but guilt * * * This test, however, at times, tends to be a confusing form of words * * * and should not be a substitute for reasoned thought * * * ‘In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.’” (People v Borrero, supra, at pp 434-435.)
*401 New York recognizes that a jury does not lose its ability to assess the credibility of statements and witnesses and to accept or reject the truth of evidentiary material simply because the evidence submitted is in part circumstantial. (People v Kennedy, 47 NY2d 196, 204.) Certainly, the Borrero rule (supra) seems applicable in the instant case in which the defendant was arrested after having been observed intentionally punching out a window on a subway car. In determining the sufficiency of the People’s allegations that defendant had no possessory interest in the New York City subway system, the court must consider circumstantial evidence in light of common everyday human experience. That some three and a half million passenger trips are taken on the subway weekdays is sufficient testimony that the subway is a widely known phenomenon. Subways, by their very nature, are easily distinguishable by reasonable persons from privately owned vehicles. Subway passengers are required to pay a user’s fare for the privilege of riding. Each individual subway car bears a plaque attesting to its ownership by the New York City Transit Authority. Subway conductors and operators are employees of the same entity. Certain conduct is prohibited while on the subway; a list of such prohibitions is conspicuously posted within each individual subway car. Finally, orderly conduct within the subway system is regulated, enforced by armed transit police officers.
Although such circumstantial evidence regarding the defendant’s nonownership of the subway car in question may not be conclusive, “common human experience” would permit a reasonable person to accept that inference. (People v Borrero, supra, at p 435; People v Wachowicz, supra, at p 372.) A reasonable jury could accept that inference. Therefore, the People should be allowed to establish by circumstantial evidence at the pleading stage that which they could establish by circumstantial evidence at the trial stage.
I am aware of the danger of permitting the People to establish circumstantially that which could be established by direct evidence. This decision should not be interpreted as eliminating the requirement of a supporting deposition in every case where “ownership” or “lack of permission or authority” is an element of the offense. Rather, this decision is limited to those situations in which sufficient factual allegations are present in the accusatory instrument to permit an essential element of the offense to be inferred.
The defendant’s motion is denied.