OPINION OF THE COURT
Roger S. Hayes, J.
This case presents the issue of whether a local criminal *1076 court accusatory instrument charging attempted petit larceny, criminal possession of stolen property and possession of burglar’s tools can be sufficient on its face absent a nonhearsay statement by the owner of the property alleging ownership and denying permission or authority to the defendant to use or possess the property.
I
On April 1, 1986, the defendant and a codefendant were charged with the following crimes: attempted petit larceny, criminal possession of stolen property in the third degree, and possession of burglar’s tools.
The arresting officer swore to the following accusatory instrument:
"on 4/1/86 at about 1340 at 122nd Street, Riverside Drive, N. Y. County, State of New York * * *
"Deponent * * * observed vefendants [sic] with intent to deprive another of property and to appropriate the same to themselves or to a third person, with the use of burglar tools, to wit, a screwdriver and pliers, busted the trunk lock of a AWA915 (Georgia) 1983 Volkswagon, Crawl through the back, and sit inside the said mortor [sic] five minutes.
"Deponent states that he observed that the glove compartment was open and damaged, the radio frame was damaged, and the radio equalizer lay on the ground near the car.
"Deponent further states, upon information and belief, based on the above circumstances, that the property found in defendant’s possession was in the vehicle and that defendants were not the owners of said vehicle nor had permission nor authority to enter said vehicle or take, use, or possess any property therein.”
The defendant moved pursuant to CPL 170.35 (1) (a) and CPL 100.40 (1) to dismiss this accusatory instrument as insufficient on its face on the ground it contains no statement by the property owner concerning defendant’s lack of ownership of the property in question. The People oppose the motion, contending the accusatory instrument is an information, in which the arresting officer’s sworn statements regarding the defendant’s actions circumstantially provide reasonable cause to believe the defendant did not own the property involved.
II
It is well established, and the defendant concedes, that *1077 circumstantial evidence alone may be sufficient to prove a defendant’s lack of ownership at trial. (People v Borrero, 26 NY2d 430 [1970]). However, the defendant argues that the People’s burden of proof, or method of proof, at the pleading stage is more restricted and requires direct proof of ownership and lack of permission to use the automobile. Such proof he contends must be supported by nonhearsay allegations and may not be proved circumstantially.
In People v Reyes (126 Misc 2d 399 [Crim Ct, NY County 1984]) the defendant was charged with criminal mischief in the fourth degree for breaking a window on a subway train. The court held that a corroborating affidavit was not needed to convert the complaint to an information to show the defendant did not own the subway car. The court held that ownership can be inferred circumstantially from the facts of the complaint. The court stated (p 401) that "the People should be allowed to establish by circumstantial evidence at the pleading stage that which they could establish by circumstantial evidence at the trial stage.”
While there is a single reported decision to the contrary,* this court agrees with the reasoning of the court in People v Reyes (supra). The burden of proof placed upon the People at trial (beyond a reasonable doubt) is much greater than that placed upon them at the pleading stage (reasonable cause to believe that defendant committed the offense charged). Therefore, it is logical that evidence which would be sufficient at trial to prove ownership or lack of permission would also be sufficient at the pleading stage where there is a lesser burden of proof placed upon the People.
The circumstantial evidence described in the accusatory instrument certainly provides reasonable cause to believe the defendant was not the owner of the property involved. It strains rational thought and common experience to believe the owner of a car, parked on a city street, would enter the car by breaking the trunk lock with a screwdriver and pliers, crawl into the car through the back, then open and damage the glove compartment and radio frame, and remove the radio equalizer and place it on the ground. The rational explanation *1078 is that the defendants were not the owners of the property nor did they have the owner’s permission to take, use or possess it. Therefore, the accusatory instrument is an information, and is sufficient on its face to support each element of each of the crimes charged.
For the foregoing reasons, defendant’s motion to dismiss the information is denied.

 This court notes that in People v Hurtado (116 Misc 2d 897 [Crim Ct, NY County 1982]), the court held that the People are required to obtain a corroborating affidavit from the owner of the vehicle stating that the car involved belonged to him and that defendants did not have permission to use it. This court, is not bound by the principles set forth in People v Hurtado (supra) and does not agree with its holding.