OPINION OF THE COURT
Maurice Brill, J.
Defendant, in the present action, is charged with the crimes of petit larceny (Penal Law § 155.25), criminal possession of stolen property in the third degree (subsequently amended to fifth degree) (Penal Law § 165.40), unauthorized use of a motor *537 vehicle (Penal Law § 165.05), criminal mischief in the fourth degree (Penal Law § 145.00) and possession of burglar’s tools (Penal Law § 140.35).
In substance, it is alleged that the defendant tampered with the lock of an automobile, entered said automobile and removed a radio from the dashboard causing damage to the dashboard. A pair of pliers and a piece of wire were allegedly recovered from him. The accusatory instrument further states that the arresting officer "is informed by defendant’s own statements that the defendant did not have permission or authority to enter or remain in the vehicle nor permission or authority to take, use or possess the radio.”
A supporting deposition (permission and authority affidavit) from the owner of the automobile in question has not been filed (CPL 100.20).
Defendant moves for dismissal of the present charges on two grounds. Firstly, he contends that the required readiness period pursuant to CPL 30.30 has elapsed. Secondly, he claims that the accusatory instrument, lacking the owner’s permission and authority affidavit, is insufficient on its face and may not be considered a proper information upon which the defendant may be tried.
In response to defendant’s first argument citing People v Colon (59 NY2d 921 [1983]), the case of People v Worley (66 NY2d 523 [1985]) is not to be ignored. In Worley (supra), the Court of Appeals clearly indicated that excludable time is to be considered even when corroboration of the accusatory instrument is still pending. The chronology of the present matter reveals that virtually all of the adjournment time preceding the court’s present decision is excludable by virtue of defendant’s consent, his request to make motions and his absence from court. Thus, a dismissal pursuant to CPL 30.30 at this time would be premature, even if the People’s announced readiness on September 29, 1986 was found ineffective for lack of a proper supporting affidavit. Thus, the motion to dismiss on CPL 30.30 grounds is denied.
The second branch of defendant’s motion requires further detailed analysis as to the first four charges. The general requirements for a misdemeanor complaint and an information are to be found in CPL 100.15 and 100.40. The factual portions of both instruments must contain a statement alleging facts of an evidentiary character tending to support the charges. The factual portions, together with supporting depositions, must provide reasonable cause to believe that the defen *538 dont committed the offense charged.[1] An information, however, further requires that the "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions (must) establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].) Since the allegations of the information represent the only formal accusation and expression of the charge which the defendant will have to meet, the information is required to exhibit a prima facie case as well as reasonable cause.
People v Hall (48 NY2d 927 [1979]) takes note of the information’s requirements in the following language: "It is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime * * * In order for an information to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be alleged (CPL 100.40, subd 1, par [c]; 100.15, subd 3).” (Cf., People v Case, 42 NY2d 98 [1977]; People v Weinberg, 34 NY2d 429 [1974]; People v McGuire, 5 NY2d 523, 526 [1959]; People v Crisofulli, 91 Misc 2d 424 [NY City Crim Ct, NY County 1977]; see also, Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.15, 100.40; Pitler, New York Criminal Practice Under the CPL, at 283, citing Staff Comment to Proposed CPL 50.35 [b][c], at 86-87.)
As noted above, to comply with the requirements of the applicable statute (CPL 100.40 [1] [c]), an information, to be sufficient, must set out each of the elements of the offense charged in the form of nonhearsay allegations.
The Court of Appeals clearly recognizes this requirement in People v Weinberg (supra, at 431), wherein it compares the complaint with the information as follows: "The misdemeanor complaint is an accusatory instrument filed with a local criminal court charging a person with a crime. (CPL 100.10.) It serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant’s person where there is as yet no prima facie case. However, it is not designed for prosecution purposes and a defendant is not required to plead to a misdemeanor complaint and cannot be tried thereon unless he *539 consents. (CPL 170.65, subds. 1, 3.) By statute, a defendant has the right to be prosecuted by information. (CPL 100.10, subd. 1; 170.65, subd. 1). The right is substantial and takes into account a fundamental difference between these accusatory instruments — i.e., that a misdemeanor complaint may rest on hearsay allegations while an information may not. (CPL 100.40, subds. 1, 4).”
The above analysis clearly points to the conclusion that cases such as the one at bar should, absent special circumstances, follow the rationale and decision reached in People v Hurtado (116 Misc 2d 897 [NY City Crim Ct, NY County 1982]).
Informations charging the crimes of petit larceny, criminal possession of stolen property, unauthorized use of a motor vehicle and criminal mischief require nonhearsay allegations establishing the material element of lack of permission and authority. A defendant may not be brought to trial on such charges, absent his consent, without the presence of said non-hearsay allegations in the four corners of the accusatory instrument or in a proper supporting deposition.
Cases such as People v Salomon (131 Misc 2d 1075 [NY City Crim Ct, NY County 1986]), which refuse to follow Hurtado (supra), have fallen into error by permitting circumstantial evidence at trial to supply the material omission in an information such as the present one. These cases ignore the plain dictates of statutory and case law precedent, fail to distinguish between relevance and materiality[2] and take little note of the protections which have been historically built into the requirements of a prosecuting instrument. (See, for example, dissenting opn of Fuld, J., in People v Jacoby, 304 NY 33, 43 [1952].) Reliance upon People v Borrero (26 NY2d 430 [1970]), involving a trial for possession of burglar’s tools, is also misplaced in view of the differing material elements of that crime.
Having taken due note of People v Hurtado (supra) as the correct precedent to be followed in general, it is necessary to compare the Hurtado accusatory instrument with that in the present case. Permission and authority affidavits are lacking in both cases. The Hurtado instrument contained the follow *540 ing sentence (at 898): "Each defendant made statements.” Such provision adds nothing to bolster the sufficiency of the instrument itself. In contrast, the present accusatory instrument contains an admission by the defendant that he did not have permission or authority to enter or remain in the vehicle or permission or authority to take, use, or possess the radio.
Hurtado (supra, at 899) acknowledges that "nonhearsay” means that type of evidence which would be admissible at trial. (Cf., People v Conoscenti, 83 Misc 2d 842, 844 [Dist Ct, Suffolk County 1975]; see also, People v Polito, 128 Misc 2d 71 [Rochester City Ct 1985]; Matter of Gloria F., 127 Misc 2d 653, 658-659 [Fam Ct, Kings County 1985], and cases cited therein.) An admission or confession constitutes an exception to the general hearsay rule (Richardson, Evidence § 540 [Prince 10th ed]), and is admissible in evidence against the defendant who makes it.
The above-stated admission by the defendant supplies the essential element lacking in Hurtado (supra) and thus establishes the present accusatory instrument as a sufficient information upon which the defendant may be tried.
It must finally be noted that the defendant may also be tried on the charge of possession of burglar’s tools. A person may be convicted of this crime when he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by physical taking under circumstances evincing an intent to use the same in the commission of an offense of such character (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 140.35). The allegations stated in the present information are sufficient to establish each and every material element of this crime.
In view of the above, defendant’s motions to dismiss are, in all respects, denied.

. Explanation of the "reasonable cause” requirement is to be found in CPL 70.10 (2).

. As noted above, the Court of Appeals has often stated that, in order for an information to be sufficient on its face, "every element of the offense charged * * * must be alleged”, (People v Hall, 48 NY2d 927; see, for example, People v McDermott, 69 NY2d 889.) It is assumed that the term "every element” means "every material element” (People v Iannone, 45 NY2d 589, 600 citing People v McGuire, 5 NY2d 523).