OPINION OF THE COURT
Eugene Oliver, J.
Defendant stands accused of the crimes of criminal possession of stolen property in the fifth degree (Penal Law § 165.40); unauthorized use of a motor vehicle in the third degree (Penal Law § 165.05 [1]) and attempted illegal possession of a vehicle identification number (Penal Law §§ 110.00, 170.70). He now moves for multiple relief, as follows:
(1) Precluding the People from using any evidence contained in defendant’s request for a bill of particulars and demand for discovery due to their failure to respond to such request within 15 days of the filing of the motion;
(2) Suppressing physical evidence seized from defendant on the basis that he was stopped without probable cause;
(3) Dismissing the accusatory instrument, pursuant to CPL 170.30, for facial insufficiency in that the complaint and supporting deposition, as they stand, allege nothing more than unsubstantiated, conclusory hearsay as to the ownership of the car. Also, the supporting deposition is signed by an individual on behalf of the insurance company as owner.
DISCOVERY
The court papers reflect that the People responded to defendant’s request and demand for discovery in 17 days. Inasmuch as CPL 200.95 (2) and (4) state that such response should be made within 15 days "or as soon thereafter as practicable,” the court finds that the People’s response was filed timely. Therefore, the motion to preclude such evidence is denied.
*291 PHYSICAL EVIDENCE
The motion to suppress physical evidence seized from defendant after the police stopped him is granted only to the extent that a pretrial Mapp hearing is hereby ordered. The court notes the People’s consent to such hearing.
SUFFICIENCY
Defendant’s motion to dismiss the accusatory instrument raises, in this court’s opinion, two issues to be resolved. As the People have chosen not to address these issues in their answering affidavit, the court is unable to take into account their position on the respective issues. The first issue regards the supporting deposition from Arnica Mutual Insurance Company, the purported owner of the car. The affidavit is signed by "William Rogers”, purportedly as agent of the insurance company, although his capacity as such is not indicated. This supporting deposition is submitted to convert the hearsay portion of the misdemeanor complaint relating to defendant’s not having permission or authority to take, use, or possess the vehicle into nonhearsay allegations which would then make the complaint a valid information.
The purpose of the pleading requirement that each element of a charged offense be supported by nonhearsay allegations of fact (CPL 100.40 [1] [c]) is to insure that one with personal knowledge of the facts swears to an information upon which a defendant in a criminal action will be tried. In the proper case, such knowledge may even be inferred circumstantially. (See, People v Borrero, 26 NY2d 430 [1970]; People v Salomon, 131 Misc 2d 1075 [Crim Ct, NY County 1986]; People v Reyes, 126 Misc 2d 399 [Crim Ct, NY County 1984].) Here, the complaint alleges that defendant was observed driving a car which had been reported stolen three months previously. It also states that such car was owned by someone other than defendant and that defendant was found in possession of said car without the owner’s permission.
The court finds these facts sufficient to establish the element of knowing possession of a stolen car without the owner’s permission or authority. (See, People v Zorcik, 67 NY2d 670 [1986]; People v Gomez, 160 AD2d 399.)
As to the signature of William Rogers as agent of Arnica Mutual Insurance Company, the court finds this is also sufficient. While a better practice would be to indicate the capacity and authority of the person signing on behalf of the *292 company, the court does not find this to be a defect of legal proportion so as to render the signature invalid.
The second issue, raised tangentially by defendant in his motion, is whether a "faxed” copy of the supporting deposition, as opposed to the original, is sufficient to convert the complaint into an information. While the use of facsimile (fax) machines has progressed rapidly in the last few years, there has been little written on the use of "faxed” documents in court proceedings.
Service of interlocutory papers via fax machines has been allowed and appear to comply with CPLR 2103 (b). (See, Calabrese v Springer Personnel, 141 Misc 2d 566 [Civ Ct 1988]; Infilco Degremont v Carland Constr. Co., NYLJ, at 25, col 2 [which upheld such service].) However, service of interlocutory papers differs from the case at bar in that they are not used as a basis for criminal prosecution.
The issue of whether "faxed” accusatory instruments and/ or supporting depositions may confer jurisdiction over a person so as to permit arraignment on such an instrument has not, to this court’s knowledge, been addressed in any reported cases. The subject has, however, been raised in a memorandum, dated May 14, 1990, from Joseph Grosso, then Chief Law Assistant, and now a Criminal Court Judge. An experimental program has been initiated wherein an Assistant District Attorney interviews a police officer via an audio-visual monitor; an accusatory instrument is then prepared and faxed to the police officer, with the original being retained by the District Attorney’s office. The police officer signs the faxed original and faxes it back to the Assistant District Attorney (ADA). Now, there exists three documents pertaining to this particular charge — (1) the original in the ADA’s file, which is unsigned by the police officer/complainant; (2) the faxed copy of the original accusatory instrument, which is signed by the police officer/complainant and thus becomes an original; and (3) the faxed copy of document No. 2, which is used to arraign the defendant. At this point, the original instrument in the ADA’s hands becomes useless because it has not been signed by the police officer/complainant.
The idea behind a facsimile machine is that a document may be transmitted, via telephone, to another facsimile machine. The original, therefore, is reproduced page by page from the sending to the receiving facsimile machine. Thus, the faxed copy becomes a reproduction of the original. Under *293 CPLR 4539, a reproduction of an original document is as admissible in evidence as the original and a "facsimile of such reproduction is admissible in evidence if the original reproduction is in existence and available for inspection under direction of the court.” (See also, People v Flores, 138 AD2d 512 [2d Dept 1988]; Richardson, Evidence § 577 [Prince 10th ed].)
One potential problem which arises with the use of faxed documents involves issues of authenticity and originality. It is possible to alter a document before being faxed, which raises questions of authenticity. Therefore, even though the faxed document is reputed to be an exact reproduction of the originally transmitted document, the original document itself may be a cut-and-paste job, which appears to be one whole document when faxed. (Bordman, Telefacsimile Documents: A Survey of Uses in the Legal Setting, 36 Wayne L Rev 1361, 1364 [1990].) This problem may be resolved, however, by requiring that the original document be kept and made available for inspection as noted in CPLR 4539.
The other problem which occurs with the use of faxed documents is that any required signatures are not original signatures, but a duplicate of the original signature. CPL 100.20 defines supporting deposition as a written instrument which is subscribed and verified. "Subscribe” requires a signature at the end of the document. Signature is defined as including any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with the intent to execute or authenticate such instrument or writing. (General Construction Law § 46.)
The Criminal Procedure Law does not address the issue of original signatures; however, the CPLR allows the filing of copies, rather than originals, of all papers, including orders, affidavits and exhibits (CPLR 2101 [e]). Also, in People v Baratta (56 Misc 2d 447 [Dist Ct, Nassau County 1968]), the court held that a carbon copy signature of the police officer on a uniform traffic ticket was a proper signature.
In conclusion, this court finds that, with the advancement of technology in this area, the use of fax machines is an inevitable step in the process of improving the speed and efficiency of the court process. However, some safeguards are *294 necessary to insure the authenticity of such documents. Therefore, the court allows the use of a faxed copy of the supporting deposition in this case, with the provision that the original document be kept by the District Attorney and be made available for inspection upon proper request.