OPINION OF THE COURT
Harold Adler, J.
The defendant stands charged with possession of burglar’s tools (Penal Law § 140.35), petit larcency (Penal Law § 155.25), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and moves for a ruling that the accusatory instrument is not yet fully corroborated.
*997 The relevant part of the accusatory instrument states:
"Deponent states that he observed defendant drive a 1971 Dodge Dart with New York license plate number D5M518 and park on the northwest corner of 106th Street and Central Park West. Deponent further observed defendant exit the Dodge, walk up and down Central Park West between 105th and 106th Street several times and then approach a 1986 Volkswagen Golf with New York license plate number L2Z652, jam a screwdriver into the trunk lock of the Volkswagen and move the screwdriver from side to side until the trunk lock popped out. Deponent states the said lock was damaged, in that it was rendered inoperable. Deponent then observed defendant open the trunk and remove a car battery and car antenna from the trunk. Deponent then observed defendant walk back to the Dodge Dart.
"Deponent further states, upon information and belief, that defendant did not have permission or authority to damage the trunk of the Volkswagen or take property from it, the basis of which is that defendant’s actions are inconsistent with ownership and defendant is not listed as the registered owner of the vehicle with the Department of Motor Vehicles.”
The complaint fails to name the registered owner of the vehicle and no corroborating affidavits have been filed indicating the name of the owner of the vehicle, car antenna and car battery. The defense contends that corroborating affidavits from the owner of the car battery and car antenna are necessary to substantiate the charges of petit larceny and criminal possession of stolen property and to convert the accusatory instrument into an information.
The long-standing leading case in this area is People v Borrero (26 NY2d 430 [1970]). In that case the defendant was convicted of possession of burglar’s tools when he was seen using the tools to break into a car. Even though there was no statement from the owner of the car that the defendant did not have permission to break into it and there was no direct proof of another’s ownership of the vehicle, the Court of Appeals affirmed the conviction, as defendant’s lack of ownership of the vehicle could reasonably be inferred from the surrounding circumstances.
The inference sanctioned by Borrero (supra) does not apply here, the defense argues, because of the different factual scenario: the inference ruled permissible by Borrero was merely the lack of ownership of the car. It does not, the *998 defense argues, permit an inference of the lack of ownership of the items removed from the car. However, this court disagrees.
Although a criminal court in People v Hurtado (116 Misc 2d 897 [Crim Ct, NY County 1982]) determined that circumstantial evidence may not be relied on before the time of trial to establish that the defendant lacked the owner’s permission to take the property (see also, People v Caraballo, 135 Misc 2d 536 [Crim Ct, NY County 1987]), this court is not bound by the principles set forth in Hurtado and does not agree with its holding.
Various courts have permitted circumstantial evidence to establish necessary elements of a crime. In People v Weems (NYU, Dec. 1, 1980, at 7, col 1), the Appellate Term, First Department, permitted intent to be established circumstantially. (See also, People v Darryl M., 123 Misc 2d 723 [Crim Ct, NY County 1984]; People v Victor P., 120 Misc 2d 770 [Crim Ct, NY County 1983].) For example, it is well established that in a jostling case the People need not introduce a corroborating affidavit from the alleged victim either at the pleading stage or at the trial stage to establish the defendant’s lack of permission or authority to take property from the victim. In such cases, the identity of the victim is often completely unknown, but this is not a bar to prosecution. (People v Burgos, 82 Misc 2d 353 [Crim Ct, NY County 1975]; People v Rivera, 105 Misc 2d 285 [Crim Ct, NY County 1980].)
In testing the sufficiency of circumstantial evidence, the guilt should flow naturally from and be consistent with all the facts, and the facts must all be consistent with guilt and inconsistent with innocence. (See, People v Borrero, supra, 26 NY2d, at 434-435.) This test, however, should not be a substitute for reasoned thought. (Supra, at 435.) "In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.” (Supra, at 435, quoting People v Wachowicz, 22 NY2d 369, 372 [1968].)
In People v Salomon (131 Misc 2d 1075 [Crim Ct, NY County 1986]), which involved charges of attempted petit larcency, criminal possession of stolen property and possession of burglar’s tools, the court relied on circumstantial evidence to conclude that the property involved did not belong to the defendant and that he lacked permission to take it. (See also, People v Reyes, 126 Misc 2d 399 [Crim Ct, NY County 1984].) *999 This is a logical interpretation of Borrero (supra), and a proper application of the circumstantial evidence doctrine espoused by the Appellate Term, First Department, in People v Weems (supra).
Because circumstantial evidence may be used at the trial stage (People v Weems, supra), surely it may be used at the pleading stage. The court in Salomon (supra) stressed that "[t]he burden of proof placed upon the People at trial (beyond a reasonable doubt) is much greater than that placed upon them at the pleading stage (reasonable cause to believe that defendant committed the offense charged). Therefore, it is logical that evidence which would be sufficient at trial to prove ownership or lack of permission would also be sufficient at the pleading stage where there is a lesser burden of proof placed upon the People.” (Supra, at 1077.)
In the current case, the guilt flows naturally from and is consistent with the facts, and the facts are consistent with guilt and inconsistent with innocence. Common human experience would lead a reasonable person to accept the inference of lack of ownership of both the car and the items inside the car. The alleged actions of the defendant prior to entering the vehicle and the alleged manner by which the defendant broke into the vehicle compel this decision. (See, People v Reyes, supra.) The nonhearsay facts pleaded provide reasonable cause to believe that defendant committed the offenses charged and support every element thereof with nonhearsay allegations. Accordingly, this court deems the accusatory instrument a fully corroborated facially sufficient information.