OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with assault in the third degree (Penal Law § 120.00), and endangering the welfare of a child (Penal Law § 260.10), both class A misdemeanors; attempted assault in the third degree (Penal Law §§ 110.00, 120.00) and menacing in the third degree (Penal Law § 120.15), both class B misdemeanors.*
By omnibus motion dated December 6, 2011, defendant seeks the following: dismissal of all charges, asserting that the People’s complaint is facially insufficient; dismissal in the interests of justice; discovery; and suppression of all statements, and all physical evidence.
The court has reviewed the court file, defendant’s motion, and the People’s response dated January 26, 2012. For the reasons stated below, the motion to dismiss for facial insufficiency and in the interests of justice are denied.
The motion for discovery is granted to the extent that the People are directed to provide pretrial disclosure of all materials subject to CPL 240.20, as well as all exculpatory materials to the defense, and the People are reminded of their continuing obligations under People v Rosario (9 NY2d 286 [1961]) and Brady v Maryland (373 US 83 [1963]).
*512 The motions for pretrial hearings are granted, to the extent of ordering a hearing to determine if there was probable cause for defendant’s arrest; and whether or not defendant’s statements were taken in violation of his rights under the United States and New York Constitutions.
Factual Statement
Pursuant to the criminal court complaint, dated May 12, 2011, between May 6, 2011 and May 8, 2011, at 1715 Bleecker Street, Brooklyn, New York, defendant is alleged to have caused “bruising and redness” to the “buttocks and thighs” of his two-year-old son. The child’s mother, complainant Sasha Garcia, states that she took the child “to Defendant’s home for the weekend, and that when [the child] returned from the weekend with Defendant, Informant observed numerous bruises and welts to [the child’s] buttocks and thighs.”
Police Officer Vincent Campo also alleges in the complaint, that he observed these marks on the child, and that “Defendant admitted to hitting” the young complainant.
Defendant was arrested on May 11, 2011, and arraigned on the next day. At the arraignment, defendant received written notice of his statement, to the effect that he had spanked the child, pursuant to CPL 710.30 (1) (a). He was released on his own recognizance, and remains at liberty in this matter to date.
On June 23, 2011, the corroborating affidavit of the child’s mother was filed with the court, and the criminal court complaint was deemed to be an information.
Legal Analysis
(A) Facial Sufficiency
Defendant asserts that the criminal court information is “insufficient on its face within the meaning of CPL Sec. 170.35(l)(a) in that each and every element of the offense charged is not supported by a non-hearsay allegation.” (See defendant’s motion, dated Dec. 6, 2011, at 5, para [A] [1].) In particular, defendant asserts a violation of the “confession corroboration rule” of CPL 60.50. (See defendant’s motion, dated Dec. 6, 2011, at 13-14, paras 3-6.)
CPL 100.15 provides that every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide *513 reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
On a motion to dismiss, this court’s review is limited to whether or not the People’s allegations as stated in the criminal court complaint are facially sufficient. The facts alleged need only establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (See People v Jennings, 69 NY2d 103,115 [1986].)
Applying these principles to the instant matter, the factual allegations contained in the misdemeanor information before this court are facially sufficient.
Under CPL 60.50, “[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.”
Known as the “confession corroboration rule,” “[t]his section sets forth the ancient principle that a person cannot be convicted solely on the strength of his or her own statement.” (See Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.50, at 211.)
“For example, in People v. Booden, 69 N.Y.2d 185, 518 N.Y.S.2d 87, 505 N.E.2d 598 (1987), a prosecution for driving while intoxicated, the fact that there were no observable circumstances to show the cause of an accident was sufficient to corroborate the admission of an intoxicated person . . . that he had been operating the vehicle. The Court explained that the circumstances ‘may have been capable of innocent explanation, but they nonetheless supported an inference that a crime had been committed . . . Defendant’s admission was the “key” that explained those circumstances and established defendant’s connection to the criminal act’ (i.d.., at 188).” (See Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.50, at 211.)
*514 The burden to establish corroboration of a confession is slight. All that is required is “some proof, of whatever weight, that a crime was committed by someone.” (See People v Chico, 90 NY2d 585, 589 [1997].)
Defendant asserts that since “the accusatory instrument is based entirely on [defendant’s] admissions,” the complaint is facially insufficient. (See defendant’s motion, dated Dec. 6, 2011, at 13, para 3.) In support of his argument, defendant relies upon two cases: People v Miedema (24 Misc 3d 132[A], 2009 NY Slip Op 51368[U] [App Term, 9th & 10th Jud Dists 2009]), and People v Gundarev (25 Misc 3d 1204[A], 2009 NY Slip Op 51972[U] [Crim Ct, Kings County 2009]). However, defense counsel’s reliance on these matters is misplaced.
In Gundarev, a prosecution for driving while intoxicated, the court held that the “confession corroboration rule” is limited in “its application to criminal convictions, and does not apply to Criminal Court accusatory instruments” (2009 NY Slip Op 51972[U], *3; see also People v Lopez, 34 Misc 3d 476 [Crim Ct, Richmond County 2011]).
This ruling is based on the theory that the “confession corroboration rule” “only expressly refers to the evidence underlying a conviction” (see Miedema, 2009 NY Slip Op51368[U], *1) and is not to be applied in determining the facial sufficiency of an accusatory instrument. However, Miedema, a ruling from the Appellate Term of the 9th and 10th Judicial Districts, stated that “the requirement that a defendant’s confessions or admissions be corroborated has been extended to the accusatory [instrument] stage” of misdemeanor pleadings. (2009 NY Slip Op 51368[U], *1, quoting People v Walker, 21 Misc 3d 748, 751-752 [Crim Ct, Kings County 2008].)
The Gundarev court held “this Court is not bound to follow the decisions of the Appellate Term for the Ninth and Tenth Districts” since “[t]his Court sits in the Second Judicial District.” (2009 NY Slip Op 51972[U], *2.) However, this court disagrees, and will accept the reasoning of Miedema and Walker. In this case, CPL 60.50 will be applied to determine whether or not the misdemeanor information in this case is facially sufficient. (See also People v Martz, 28 Misc 3d 1215[A], 2010 NY Slip Op 51327[U], *4 [Nassau Dist Ct 2010] [“CPL § 60.50 . . . applies to the allegations contained in the information!)”].)
Here, the child’s mother, complainant Sasha Garcia, states that she took the child “to Defendant’s home for the weekend, and that when [the child] returned from the weekend with De *515 fendant, Informant observed numerous bruises and welts to [the child’s] buttocks and thighs.”
Police Officer Vincent Campo also alleges in the complaint that he observed these marks on the child.
These observations from two witnesses are sufficient to corroborate the defendant’s admission to striking his two-year-old son.
Therefore,, defendant’s motion to dismiss for facial insufficiency is denied.
(B) Interests of Justice
Defendant asserts that “compelling factors and circumstances exist that clearly demonstrate that the prosecution of the defendant would constitute or result in an injustice.” (See defendant’s motion, dated Dec. 6, 2011, at 8, para 12.)
CPL 170.40 (1) provides for a variety of factors which require dismissal of “[a]n information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof ... as a matter of judicial discretion” if “some compelling factor, consideration or circumstance clearly demonstrates] that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (See also CPL 170.30 [1] [g].)
The discretion of the court to dismiss an information in the furtherance of justice is not absolute, nor is it uncontrolled. (See People v O’Grady, 175 Misc 2d 61, 65 [Crim Ct, Bronx County 1997], citing People v Wingard, 33 NY2d 192 [1973].) In fact, this power is to be “employed cautiously and sparingly.” (See People v Eubanks, 114 Misc 2d 1097, 1098 [App Term, 2d Dept 1982].)
On a motion to dismiss in the interests of justice, the burden is on the defendant to establish “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant. . . would constitute or result in injustice.” (See People v Boulet, 88 Misc 2d 353, 355 [Rochester City Ct 1976]; People v Verardi, 158 Misc 2d 1039, 1042 [Crim Ct, Kings County 1993].)
When considering the motion, the court need not “engage in a point-by-point ‘catechistic’ discussion of all 10 [statutory] factors . . . [i]nstead, the court is required to consider the factors ‘individually and collectively’ in making a value judgment that is based upon striking a sensitive balance between the interests of the individual and those of the state.” (See People v Gragert, 1 Misc 3d 646, 648 [Crim Ct, NY County 2003].)
*516 Here, there is no basis under any factor enumerated in CPL 170.40 that would justify the dismissal of this matter in the interest of justice. In fact, “the dismissal of this matter in the interest of justice would send exactly the wrong message, make this community less safe, and undermine the public’s confidence in our system.” (See People v S.H., 196 Misc 2d 754, 756 [Rye City Ct 2003]; see also People v Watson, 182 Misc 2d 644, 652 [1999] [“dismissal of these charges would cause the public to lose confidence in the criminal justice system. The public would view the system as unconcerned or cavalier about the welfare of children”].)
Therefore, defendant’s motion to dismiss in the interest of justice is denied.
Other Relief Requested
People are directed to provide pretrial disclosure of all materials subject to CPL 240.20, as well as all exculpatory materials to the defense, and the People are reminded of their continuing obligations under People v Rosario (9 NY2d 286 [1961]) and Brady v Maryland (373 US 83 [1963]).
Defendant has moved for suppression of any statements he allegedly made to law enforcement personnel. This motion is granted on the consent of the People to the extent of ordering a pretrial hearing at which the issue of whether or not defendant’s statements are admissible will be determined.
Defendant seeks to suppress all evidence on the basis that there was no probable cause for his arrest. This motion is granted on the consent of the People to the extent of ordering a pretrial hearing at which the issue of whether or not there was probable cause for defendant’s arrest will be determined.
Since the People do not seek to use any physical property as evidence against the defendant, the motion to suppress physical evidence is denied.
All other arguments and requests for any additional hearings and relief that have been advanced by defendant have been reviewed and rejected by this court as being not applicable, or without merit.

 Defendant was also initially charged with assault in the second degree (Penal Law § 120.05), a class D felony, however, that charge was dismissed on the motion of the People on June 23, 2011.