OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
Defendant was charged with petit larceny in violation of Penal Law § 155.25 on March 31, 2016. Defense counsel filed omnibus motions, which included a motion to dismiss the information as being insufficient on its face pursuant to CPL 100.40 (1) (b), (c); 170.30 (1) (a) and 170.35 (1) (a). Motions were argued on June 15, 2016. Each counsel followed up the oral argument with a letter brief..
Facts of the Case
The facts alleged in the complaint and supporting depositions are particularly central to the sufficiency motion made by defense counsel. The complaint signed by Webster Police Officer Charles Korherr alleges that the defendant
“[d]id take a wallet containing $495.00 cash belonging to Sequita Wright from the cafeteria area of Xerox, 800 Phillips Road. The defendant left the building with the wallet then returned to hand the wallet over to security. Although the wallet was returned the $495.00 cash was missing. According *374 to security surveillance, the defendant is the only one who could have taken the money.”
The complaint was accompanied by two supporting depositions. One was sworn to by Joel Price, a Xerox security investigator. That affidavit stated in pertinent part as follows:
“An employee name Sequita Wright reported that $495.00 was stolen from her wallet in the lunchroom. It was later returned to our security receptionist by another employee Darlene Mosley. Everything was in the wallet except for the $495.00.
“I interviewed Mosley who said the following: She saw the wallet in the lunchroom, took it out to her car. She told me that she left the Xerox campus to get gas with the wallet. She told me she came back to the campus and turned the wallet in. She did look in the wallet but did not take anything from it, including any cash.”
The second supporting deposition was attested to by the complainant, Sequita K. Wright. The relevant portion of that affidavit stated as follows:
“I work at the call center located at Xerox, Building 200 in Webster. Today is March 30, 2016 . .
“Yesterday, on March 29, 2016, I left my wallet in the lunchroom at Xerox. The wallet was later returned to Xerox Security by Darlene Mosley. Everything was in the wallet except for $495. [sic] Cash I had in it.
“I did not give anyone permission to take my money or my wallet. I would like to prosecute anyone who might have took my $495.00 and wallet.”
In none of the documents that made up the information was there an allegation by anyone who said they saw the defendant take the cash in question.
Issue Presented
Is the information charging the defendant with petit larceny sufficient on its face?
Can nonhearsay allegations be established by circumstantial evidence?
Legal Analysis
The basis of defendant’s motion to dismiss the information for insufficiency is that it violates the requirement of CPL 100.40 (1) (b) and (c). The statute states,
*375 “An information, or a count thereof, is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
Paragraph (b) sets out the reasonable cause requirement.[1] Paragraph (c) requires that the allegations setting out the elements of the offense in the accusatory instruments be nonhear-say in nature. I first will address the nonhearsay requirement and then the reasonable cause requirement.
Nonhearsay Allegations
If the alleged victim is to be believed, the entire case is based on circumstantial evidence. The reasoning based on such circumstantial evidence would be that the victim had $495 in cash in her wallet when she left it in the cafeteria; that the defendant returned the wallet to Xerox security without the $495 in cash in the wallet; and thus the defendant stole the said cash.
Certainly there were no nonhearsay allegations establishing every element of the charge of petit larceny, as set out in the accusatory instruments that make up the information herein, “The term ‘Non-hearsay’ is not defined in the statute.” (People v Fields, 74 Misc 2d 109, 110 [1973].) However, it has certainly come to mean statements that directly indicate thé observation of the defendant committing the illegal act in question. Nevertheless, some courts have extended the concept of “non-hearsay allegations” by allowing the use of circumstantial evidence to establish the sufficiency of an information. In *376 particular it has been held that “ ‘the People should be allowed to establish by circumstantial evidence at the pleading stage that which they could establish by circumstantial evidence at the trial stage.’ ” (People v Salomon, 131 Misc 2d 1075, 1077 [Crim Ct, NY County 1986, Hayes, J.].) Other courts disagree with that approach, indicating that such courts “have fallen into error by permitting circumstantial evidence at trial to supply the material omission in an information . . . (People v Caraballo, 135 Misc 2d 536, 539 [Crim Ct, Kings County 1987].) Nevertheless, allowing circumstantial evidence to establish the nonhearsay allegation requirement of CPL 100.40 (1) (c) appears to be the prevailing view. “Various courts have permitted circumstantial evidence to establish necessary elements of a crime.” (People v Wayne, 161 Misc 2d 996, 998 [Crim Ct, NY County 1993].)
Not all alleged circumstantial evidence results in the sufficiency of an information. The Court of Appeals has held that
“[i]n testing the sufficiency of circumstantial evidence, this court has often said that (a) the hypothesis of guilt should ‘flow naturally from the facts proved, and be consistent with them all’ and (b) the facts proved must ... be consistent with guilt and inconsistent with innocence and exclude ‘to a moral certainty’ every reasonable hypothesis but guilt.” (People v Borrero, 26 NY2d 430, 434-435 [1970].)
Thus even assuming arguendo that circumstantial evidence can be used to satisfy the “nonhearsay” requirement, the circumstantial facts alleged herein would tend to stretch credulity. One would have to believe that a person intent on larceny secretly found a wallet in her company cafeteria.[2] That she found a relatively large sum of money in that wallet. She then removes and keeps those funds. Yet, still believing that nobody knows she has found the wallet, turns the wallet into security. Even if the defendant- first took the wallet to her car and drove to a gas station before returning to her place of employment to return the wallet to security, there is nothing about those actions that necessarily suggest her intent to steal the funds in question. In fact, her actions suggest the contrary, since if she left the empty wallet in the cafeteria or disposed of the wallet, after taking the cash, nobody would be the wiser. *377 One must ask how the defendant was benefitted by turning in the wallet if she was the thief?[3] If she committed the theft in secret, what would be gained by calling attention to herself and the wallet? On the other hand, an honest person could turn in the wallet for a reward or simply for the knowledge that she did the right thing. One must also wonder, who else had access to the wallet prior to it being found by the defendant? Also, it would seem that if turning in a lost wallet or a purse could subject a person to criminal prosecution, one would think twice about getting involved in such a situation.
Finally, the last statement in Officer Korherr’s complaint is obviously an unsupported hearsay allegation, i.e., “According to security surveillance, the defendant is the only one who could have taken the money.” As such it would be in direct conflict with CPL 100.40 (1) (c).
Reasonable Cause[4]
Applying the reasonable cause standard of CPL 100.40 (1) (b) to the allegations set out in the information herein is also problematic. The Court of Appeals has held that “[w]e have frequently rejected the notion that behavior which is susceptible of innocent as well as culpable interpretation, will constitute probable cause. It is equally true that innocuous behavior alone will not generate a founded or reasonable suspicion that a crime is at hand.” (People v De Bour, 40 NY2d 210, 216 [1976] [citations omitted].) In this case, as previously stated, the defendant found a wallet in the Xerox cafeteria and turned in that wallet. The affidavit of the Xerox security investigator alleges that the defendant told him that she turned in the wallet after leaving the campus and going to a local gas station. The defendant, through her attorney’s omnibus motion affirmation, states that she turned in the wallet prior to going for gas. However, it would seem irrevelant as to whether the wallet was turned in before or after she went to the gas station. Neither behavior-would automatically suggest that a criminal act occurred, especially when coupled with the final act of turning in the wallet. The defendant’s actions and alleged statements were, taken as a whole, innocuous and *378 susceptible to innocent interpretation. Thus it would appear that there is no alleged statement or admission of the defendant that could form the basis of a sufficient accusatory instrument in this matter. As a result the corroboration issue posed by CPL 60.50 need not be addressed herein.[5]
However, the last statement in the complaint relative to security surveillance must again be addressed, but this time as it pertains to the reasonable cause standard required by CPL 100.40 (1) (b). That statement fails to establish what kind of security surveillance was in use. In other words, was the surveillance done live by a security guard or did someone view a video? Nor does that statement account for all the time between when the wallet was last with the owner and when it. was discovered by the defendant, since there is no direct evidence that the wallet was separated from its owner in the cafeteria other than the statement of Ms. Wright who said “I left my wallet in the lunchroom at Xerox.” She does not indicate how she knew where she lost her wallet. Certainly, it could have been lost somewhere else in the building and discarded in the lunchroom. Nor does Ms. Wright set out how she knew how much cash was in her wallet at the time she lost it. It has been held that “criminal court accusatory instruments, like delinquency petitions, should be reviewed for facial sufficiency solely within their four corners . . . .” (People v Antonovsky, 41 Misc 3d 44, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013].) Speculation as to what kind of security surveillance was used or what may or may not be on a video would certainly violate that principle. Neither would such speculation be in accordance with the definition of reasonable cause as set out in CPL 70.10 (2).
Conclusion
The information filed with the court is hereby found to be insufficient on its face pursuant to CPL 100.40 (1) (b), (c); 170.30 (1) (a) and 170.35 (1) (a). The facts alleged in the information and the supporting deposition fail to provide reasonable cause to believe the defendant committed the offense charged. Nor are there any nonhearsay allegations *379 establishing, if true, every element of the offense charged. Finally the circumstantial evidence alleged is insufficient to satisfy the said nonhearsay allegation requirement. Thus the charge of petit larceny is hereby dismissed.

. “Reasonable cause to believe that a person has committed an offense” exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay. (CPL 70.10 [2].)

. There is no indication that the defendant knew the cafeteria was under “surveillance.”

. “Roman saying: QUI BONO? [Ancient Roman lawyers always asked this question to discover ‘WHO BENEFITS?’ or what was the motive for the act]” (Vesper, Uncle Anthony’s Unabridged Analogies at 804 [3d ed]).

. “The CPL uses the phrase ‘reasonable cause’ in lieu of the phrase ‘probable cause.’ See e.g., CPL § 70.10(2). However, it is well settled that ‘[r]easonable cause means probable cause.’ ” (Gerstenzang, Handling the DWI Case in New York § 1:29 at 42 [2015-2016 ed].)

. People v Morales (35 Misc 3d 558, 562 [2012]) held that “CPL 60.50 will be applied to determine whether or not the misdemeanor information ... is facially sufficient.” The court in that case also held that if corroboration of the defendant’s statement was required “[t]he burden to establish corroboration of a confession is slight. All that is required is ‘some proof, of whatever weight, that a crime was committed by someone.’ ” (Id.)