425 F.Supp. 565 (1976)
In re W. T. GRANT COMPANY, Bankrupt.
Paul S. BERGER, Trustee, et al., Plaintiffs-Appellants,
v.
Charles G. RODMAN, Trustee in Bankruptcy of W. T. Grant Company, Bankrupt, Defendant-Appellee.
No. 75 B 1735.
United States District Court, S. D. New York.
December 21, 1976.
*566 Dirk Gould, Alter, Lefevre, Raphael, Lowry & Gould, P. C., New York City, Jon Moss, Berger, Berger & Kahn, Beverly Hills, Cal., for plaintiffs.
Theodore Gewertz, Wachtell, Lipton, Rosen & Katz, New York City, for defendant trustee.

MEMORANDUM
IRVING BEN COOPER, District Judge.
We have before us three matters related to the bankrupt estate of W. T. Grant: first, a motion by defendant trustee Charles G. Rodman in behalf of the Estate of W. T. Grant Company, Bankrupt, to dismiss plaintiffs' appeal from an order of the Bankruptcy Court (Galgay, J.) dated July 26, 1976 and entered July 29, 1976; second, plaintiffs' appeal from Judge Galgay's order dated September 14, 1976 which denied their motion for a nunc pro tunc extension of time to file a notice of appeal from the aforementioned order of July 29th; and third, plaintiffs' appeal from Judge Galgay's order of October 1, 1976 which denied plaintiffs' motion for rehearing and reconsideration of the September 14th order. For the reasons set forth below, we are constrained to and do grant defendant's motion to dismiss plaintiffs' appeal, and we affirm the September 14 and October 1 orders of the Bankruptcy Court.
Plaintiffs Paul S. Berger, trustee and others filed an amended complaint[1] which was dismissed on defendant's motion for summary judgment for failure to state a claim. Judge Galgay's order, dated July 26, 1976, was duly entered and docketed by the clerk of the Bankruptcy Court on July 29, 1976. Notice of that order was mailed to both New York and California counsel appearing for plaintiffs. On August 5, New York counsel, Dirk S. Gould, Esq., received a copy of the order; California counsel, Berger, Berger, Kahn & Shafton, received its copy on August 9th. Upon receiving notification of the order, New York counsel secured a copy of Judge Galgay's opinion and promptly mailed it to their counterparts in California. Thereupon, California counsel mailed a notice of appeal dated August 11th which was duly filed by the clerk on August 16th. (Gould Affid., dated September 7, 1976, pp. 2-3) The bankruptcy *567 clerk alerted plaintiffs' counsel that their notice of appeal was filed late. Notwithstanding this information, plaintiffs' counsel did nothing beyond paying the requisite fee.
On August 30, 1976, defendant moved in District Court (Part I) for an order dismissing plaintiffs' appeal as untimely taken. The hearing on that motion now before us was adjourned several times while plaintiffs moved the Bankruptcy Court for an order to extend the time for filing a notice of appeal. Upon being denied such requested relief by oral order of September 14, 1976, plaintiffs moved for a rehearing and reconsideration on the basis of new evidence. Judge Galgay denied that motion on October 1, 1976. The Bankruptcy Court's orders denying plaintiffs' motions for extension and reconsideration are now before us on timely appeal.
We turn first to defendant's motion to dismiss plaintiffs' appeal from Judge Galgay's order filed July 29th dismissing plaintiffs' amended complaint (the Dismissal Order). The principal issue is whether the filing of the notice of appeal on August 16, 18 days after the entry of the Dismissal Order, was timely.
Rule 801 of the Bankruptcy Rules provides in pertinent part:
An appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal with the referee within the time allowed by Rule 802.
Rule 802(a) states:
The notice of appeal shall be filed with the referee within 10 days of the date of entry of the judgment or order appealed from. (emphasis added)
Thus, the Bankruptcy Rules provide that appeals must be noticed within 10 days of entry of the judgment or order appealed from. There is a provision in the Rules, however, allowing for an extension of time over this 10 day period:
The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect . . .. Rule 802(c)
Accordingly, an appeal from a Bankruptcy Judge's order must be filed within 10 days after the entry of that order, unless a request for an extension is made within the initial 10 day period in which case the appellant has 20 additional days to file the notice of appeal. If excusable neglect is shown, the request for an extension need not be made within 10 days of the filing of the bankruptcy order. However, assuming "excusable neglect," any request for an extension must be made within the 30 day period following entry of the judgment or order. The Advisory Committee's comment on Bankruptcy Rule 802(c) is clear on this point:
A request for an extension of the time for filing a notice of appeal from a referee's judgment or order not authorizing the sale of property may be filed after the expiration of the 10-day period following its entry . . . but the extension may be granted on such a request only on a showing that the delay was due to excusable neglect. Moreover, any allowable extension cannot exceed the 20-day limitation prescribed by the first sentence of subdivision (c). Thus the maximum time allowable under this rule for filing an appeal is 30 days after the entry of the judgment or order appealed from or 30 days from the entry of an order disposing of a motion that terminates the running of the time for filing an appeal as provided in subdivision (b). (emphasis added)
Failure to timely file a notice of appeal is a jurisdictional defect. In re Great Western Ranches, Inc., 511 F.2d 1021, 1024 (9th Cir. 1975). The Bankruptcy Rules clearly state that "unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall *568 become final." Rule 803. Thus, a reading of Rules 801 through 803 makes certain that if a notice of appeal or a request for an extension of time is not filed within 30 days of the judgment or order of the Bankruptcy Court, said order becomes final.
As indicated above, Judge Galgay's order dismissing plaintiffs' amended complaint was entered on July 29, 1976. The 10 day period for filing a notice of appeal, as prescribed in Rule 802(a), began on July 30th and ended on August 9th. See Bankruptcy Rule 906(a) and Federal Rules of Civil Procedure, Rule 6(a). Plaintiffs' notice of appeal, dated August 11th, was not filed until August 16th18 days after the entry of Judge Galgay's dismissal order. Clearly plaintiffs did not comply with the 10 day period of Rule 802(a). Further, no request for an extension of time to file a notice of appeal was made until September 8, 1976, 41 days after the dismissal order entry. Plainly, such a request for an extension was untimely. See Rule 802(c); Advisory Committee's comments, supra, p. 5. Accordingly, defendant's motion to dismiss plaintiffs' appeal of Judge Galgay's order of July 29th as untimely is granted. See In re Butts, 123 F.2d 250, 251 (2d Cir. 1941).
We now consider plaintiffs' appeal from Judge Galgay's orders of September 14, 1976 and October 1, 1976 which respectively 1) denied plaintiffs' motion for a nunc pro tunc extension of time to file a notice of appeal from the July 29th dismissal order and 2) denied plaintiffs' motion for rehearing and reconsideration of the September 14th order.
On September 8, 1976, plaintiffs moved the Bankruptcy Court for an order extending the time to file its notice of appeal from Judge Galgay's July 29th order dismissing plaintiffs' amended complaint. This motion, 41 days after the entry of the dismissal order, was indisputably untimely. Rule 802(c); see discussion supra. For that reason Judge Galgay's oral order of September 14th denied plaintiffs' application. We affirm that decision.
As noted earlier, a party may request an extension of time to file a notice of appeal during the first 10 day period (Rule 802(c)) or within the 20 day period thereafter if the request is accompanied by a showing of excusable neglect. It is a fact that plaintiffs made no request for an extension during the first 10 day period. However, plaintiffs maintain that their letter dated August 11, 1976 (which accompanied the notice of appeal) "was tantamount to a request for an extension of time." (Pltf. Brief, p. 2) Judge Galgay found that "no interpretation of . . . counsel's letter would permit the reader to conclude that plaintiff was requesting an extension." Judge Galgay's opinion of October 1, 1976, p. 4. We agree.
A careful examination of this letter clearly indicates that it was a request that the notice of appeal be filed, not a request for an extension of time to file that notice. In any event, Judge Galgay's factual determination that the August 11th letter was not an extension request may only be overturned if clearly erroneous. See Bankruptcy Rule 810. We hold that Judge Galgay's finding on this point was not clearly erroneous; therefore we will not set it aside.
Since we do not construe the letter of August 11 from plaintiffs' counsel a request for an extension, it is otherwise undisputed that no extension request was recorded during the entire 30 day period following Judge Galgay's dismissal order of July 29th. Further, an analysis of plaintiffs' excusable neglect argument, or a review of Judge Galgay's finding of excusable neglect is unnecessary. Rule 803 makes this point beyond cavil:
Unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall become final.
Plaintiffs' argument for a nunc pro tunc extension by the expedient of vacating the July 29th dismissal order and reinstating it now, so that the time to file a notice of appeal would run anew, is unwarranted. Such action would give the Bankruptcy Court the potential power to revive an appeal at any time. Hodgson v. United Mine *569 Workers of America, 153 U.S.App.D.C. 407, 473 F.2d 118, 124 (1972). Rule 802(c) expresses the Congressional policy of curbing the inherent discretionary power some courts asserted in granting extensions of time for appeal after the original time had expired. See 13 Collier, Bankruptcy ¶ 802.03; see also Advisory Committee on Rules' Notes to Rule 77(d) of the Federal Rules of Civil Procedure. The nunc pro tunc device advocated by plaintiffs would undermine the finality of orders and specifically contravene the intent of Rule 802(c). See Advisory Committee's Notes on Rule 802(c).
Accordingly, Judge Galgay's order dated September 14, 1976 denying plaintiffs' motion for a nunc pro tunc extension of time to file a notice of appeal is affirmed.
Plaintiffs also appeal from Judge Galgay's order of October 1, 1976 denying their motion for rehearing and reconsideration of the September 14, 1976 order. In support of their position, plaintiffs seek to characterize their counsel's letter of August 11th as "additional facts and evidence not previously brought to the attention" of the Bankruptcy Court. (Gould's Affid. of September 17th, p. 2)
Federal Rules of Civil Procedure 60(b)(2), made applicable to bankruptcy matters by Bankruptcy Rules 923 and 924, allows a party to be relieved from an order where newly discovered evidence arises. "The evidence must be such as was not and could not by the exercise of diligence have been discovered in time to present in the original proceeding." 7 Moore's Federal Practice, ¶ 60.23[4] (2d ed. 1975). Rules 59 and 60(b)(2) of the Federal Rules contemplate evidence not known to the movant at the time of trial:
The movant must have been excusably ignorant of the facts, i. e., the evidence must be such that it was not discoverable by diligent search. A party who has failed to evaluate evidence properly and thereby failed to submit it at trial, or a party who desires to present his case under a different theory in which facts available at the original trial now first become important will not be granted a new trial. 6A Moore's Federal Practice, ¶ 59.08[3] (2d ed. 1975) (footnotes omitted)
We concur in Judge Galgay's determination that the very letter of August 11 from counsel for plaintiffs was not "newly discovered evidence." Accordingly, the order of the Bankruptcy Court of October 1, 1976 which denied plaintiffs' motion for rehearing and reconsideration of the September 14 order is affirmed.
Finally, a principle which underlies our determination of the issues above is our belief that the purpose of Bankruptcy Rules 801 through 803 is to expedite bankruptcy proceedings and give their orders finality. See 13 Collier on Bankruptcy, § 803.03 (14th ed. 1943) These rules should be strictly construed. See In re Great Western Ranches, Inc., supra, at 1024; In re Butler's Tire and Battery Co., 8 Collier Bankr.Cas. 790 (D.Or. May 11, 1976).
[B]ankruptcy proceedings are designed to be expeditious, and those charged with interpreting the Rules are enjoined to construe them to secure the expeditious and economical administration of every bankrupt estate and the just, speedy and inexpensive determination of every proceeding in bankruptcy. 13 Collier on Bankruptcy, § 803.03.
In furtherance of those ends, the time limitations explicit in Rules 801 and 802 must be strictly honored. It is plain that these provisions were violated in the case at bar. For this reason, we affirm Judge Galgay's order entered July 29, 1976, dismissing plaintiffs' appeal as untimely; further, we affirm Judge Galgay's orders of September 14 and October 1 which denied plaintiffs' nunc pro tunc extension of time to file a notice of appeal and denied plaintiffs' motion for rehearing and reconsideration thereof.
SO ORDERED.
NOTES
[1] The complaint brought by the plaintiffs (landlords of premises formerly used by W. T. Grant Company for its stores) is an uncertified class action alleging that the defendant abused his position as trustee and the powers of the Bankruptcy Court to unfairly terminate leases disadvantageous to the plaintiffs' financial interests.