**In the Matter of Tom Neeley MULLIS, Debtor.**

**Tom Neeley MULLIS, Appellant,**

v.

**Eric ZUBEL, Attorney at Law, and Cheryl A. Skigin, Trustee, Appellees.**

No. CV–R–86–71–ECR.

Bankruptcy No. 84–1016.

United States District Court, D. Nevada.

Oct. 7, 1987.

Tom Neeley Mullis, Reno, Nev., for appellant.

Cheryl Skigin, Reno, Nev., trustee.

Lee Lutfy, Las Vegas, Nev., for Eric Zubel.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

Tom Neeley Mullis, the debtor in this Chapter 11 bankruptcy case, appeals, *pro se*, from an order of the bankruptcy court entered December 18, 1985. The appellant filed his notice of appeal on January 21, 1986.

The notice of appeal was filed thirty-four days after the entry of the order appealed from. The appellees argue that the notice of appeal was untimely and that the appeal should be dismissed.

The appellant asserts that he did not receive notice of the December 18, 1985, order until January 18, 1986. Appellant argues that, because of the late notice of

the December 18, 1985, order, his notice of appeal should be treated as timely.

Bankruptcy Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from."

Bankruptcy Rule 8002(c) governs extensions of time for filing notices of appeal. That rule provides:

The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

Bankruptcy Rule 9006(b)(3) states: "The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules."

Bankruptcy Rule 9022(a) provides:

Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail in the manner provided by Rule 7005 on the contesting parties and on other entities as the court directs. Service of the notice shall be noted in the docket. Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002.

■ The time for filing a notice of appeal with the bankruptcy court is a jurisdictional matter; the untimely filing of such a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. *In re Souza,* 795 F.2d 855, 857 (9th Cir.1986); *Matter of Ramsey,* 612 F.2d 1220, 1222 (9th Cir.1980). Because of the jurisdictional implications of the rules regarding the time for filing notices of appeal, those rules must be strictly construed. *In re Souza,* 795 F.2d at 857.

■ The appellant did not file his notice of appeal within ten days of the order appealed from. Indeed, he filed his notice of appeal thirty-four days after the order. The notice of appeal was, therefore, untimely. In fact, even if the appellant had requested an extension of time to file his notice of appeal, this Court could not have granted appellant thirty-four days from the date of the order. Bankruptcy Rule 8002 only allows extensions of up to thirty days from the date of the order.

In any event, the petitioner did not move for an extension of time to file a notice of appeal. An excusable neglect analysis is, therefore, not appropriate in this case. That argument would only be available to the appellant if he had filed a motion for an extension of time between eleven and thirty days after entry of the order appealed from. *See* Bankruptcy Rule 8002(c).

The appellant, however, proceeds with the argument that the untimeliness of his notice of appeal should be overlooked due to the fact that he did not promptly receive notice of the order appealed from. In view of Bankruptcy Rule 9022(a), lack of notice of an order is immaterial to the issue whether a notice of appeal from the order is timely.

Thus, this Court finds that the appellant's notice of appeal was untimely. The Court is without jurisdiction to entertain the appeal. It must be dismissed.

The Court notes that this order is in conflict with the minute order entered in this case on April 16, 1986, which denied the motion of appellee Eric Zubel to strike appellant's Notice of Appeal. *See* Minute Order of April 16, 1986, CV–R–86–71–ECR (docket # 18). When that order was issued, it appeared that the appellant may have timely moved for an extension of time to file a notice of appeal, rendering an

excusable neglect analysis appropriate. The record has been clarified on this point. Because the issue before the Court concerns the Court's jurisdiction, the Court may properly reexamine its prior ruling in view of the further briefing provided by the parties to this appeal.

The Court acknowledges that the result here reached appears harsh. The purpose of Bankruptcy Rule 8002 is to insure speedy appeals and to, thereby, maintain progress in bankruptcy proceedings. Rule 8002 is strict; it requires careful attention. Parties to bankruptcy proceedings must be aware of developments affecting their rights. Specifically, they must monitor the dockets to inform themselves of the entry of orders that they may wish to appeal.

IT IS, THEREFORE, HEREBY ORDERED that this appeal by the debtor, Tom Neely Mullis, from the order of the bankruptcy court of December 18, 1985, is DISMISSED.