In re Charles J. **RICHARDS**, Debtor.

Edmund J. **LEWIS**, M.D., et al., Plaintiffs,

v.

Charles J. **RICHARDS**, Defendant.

Bankruptcy Nos. 92 B 243, 92 A 481.

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 12, 1993.

Patrick J. Ahern, Ross & Hardies, Chicago, IL, for plaintiffs.

James P. Arndt, Law Office of Edna S. Epstein, Chicago, IL, for defendant.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

In the six-hundredth year of Noah's life, in the second month, seventeenth day of the month, the same day were all the fountains of the great deep broken up and the windows of heaven were opened.
Genesis 7:11

The Chicago River and the streets of the City of Chicago, in the Northern District of Illinois, are underlaid by a series of subterranean tunnels. Those tunnels remained unused for decades. On April 13, 1992, on the 40th day of the 156th year of the founding of the City of Chicago (on March 4, 1837), corresponding to the 354th day of the third year of the reign of Richard M. Daley, Mayor of the City of Chicago (sworn in as Mayor on April 24, 1989), the walls of the tunnels under the Chicago River were pierced and the flood waters burst forth into the various buildings and skyscrapers of Chicago's Loop. Those historic events give rise to the issues pending before the Court today.

This matter comes before the Court on Defendant Debtor's motion to dismiss the adversary complaint brought by Edmund J. Lewis, M.D., et al. ("Plaintiffs"), to determine dischargeability of a debt under Sections 523(a)(2) and (4) of the United States Bankruptcy Code (the "Code") (11 U.S.C. §§ 523(a)(2) and (4)). The Court has subject matter jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(1).

The basis for the present motion is Debtor's assertion that the complaint was not timely filed. Fed.R.Bankr.P. 4007(c) requires that adversary complaints brought under § 523(c) shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a). The date set for the meeting of creditors was February 12, 1992. The date designated as the last date for filing an adversary complaint objecting to the discharge of the Debtor or to determine the dischargeability of certain types of debts was April 13, 1992. Clerk's Notice to Creditors, dated January 21, 1992, indicated such date and gave Plaintiffs more than the 30–days notice required under Rule 4007(c). April 13, 1992 happened to coincide with flooding throughout parts of Chicago. Consequently, the office of the Clerk of the Bankruptcy Court closed. Plaintiffs filed their adversary complaint the next day, on April 14, 1992.

Fed.R.Bankr.P. 9006(a) governs the computation of time periods prescribed or allowed by the Bankruptcy Rules. It provides in pertinent part:

(a) **Computation.** In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute ... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, *a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.* (emphasis added)

■ The Court need not look beyond the plain language of the Bankruptcy Rules to dispose of this motion. Rule 9006(a) clearly governs the time period described in Rule 4007(c), and it does not avail the Debtor whether he characterizes such time peri-

od as a statute of limitations or otherwise. The plain meaning of the rule allows plaintiffs such as Dr. Lewis an extra day to file a complaint to determine dischargeability when inclement weather causes the Clerk's office to close on the date of the original deadline.

■ The flood is not disputed. Nor is it disputed that the Clerk's office closed on the last day of the period, making it inaccessible. Therefore, by operation of the rule, Plaintiffs' deadline was automatically extended through April 14, 1992, and the filing of the complaint was timely.

■ No courts in this circuit have written on the matter at hand. However courts in other circuits have ruled in agreement with the foregoing rationale. *See In re Burns*, 102 B.R. 750 (9th Cir. BAP 1989) (when the bar date for filing a dischargeability complaint fell on a Saturday, it was extended, pursuant to Rule 9006(a), to the following Monday); *In re Day*, 102 B.R. 414 (E.D.Pa.1989) (when the bar date for filing a dischargeability complaint fell on a Sunday, it was extended, pursuant to Rule 9006(a), to the following Monday). Inaccessibility to the Clerk's office on the bar date, whether caused by flood, weekend or holiday, is sufficient to automatically extend the time period through the next work day.

In addition, one Supreme Court justice has, at least inferentially, recognized that a flood may constitute "excusable neglect" under Rule 9006(b), enabling a petitioner to seek enlargement of a time period within which to file a complaint after the expiration of such time period. Justice Scalia made comments to that effect during oral argument in the appeal of *In re Pioneer Investment Services Co.*, 943 F.2d 673 (6th Cir.1991), *cert. granted*, —— U.S. ——, 112 S.Ct. 2963, 119 L.Ed.2d 585 (1992) *See High Court Considers "Excusable Neglect"*, Bankruptcy Court Decisions—Weekly News and Comment, Vol. 23, No. 23 (1992).

For the reasons stated, the Motion to Dismiss is hereby denied. It is further ordered that this adversary complaint is set for status on January 20, 1993, at 10:00 a.m. at 219 South Dearborn Street in Courtroom 613.