In re HOTEL SYRACUSE, INC., Debtor.

**HOTEL SYRACUSE, INC.,**
**Plaintiff–Respondent,**

v.

**CITY OF SYRACUSE INDUSTRIAL DE-VELOPMENT AGENCY, and Syracuse Economic Development Corporation, Defendants–Appellants,**

**and**

**Manufacturers Hanover Trust Company/Central New York, Apple Bank for Savings, Defendants.**

No. 90–02921.
Adv. No. 91–60166A (SDG).
Civ. A. No. 93–CV–323.

United States District Court,
N.D. New York.

April 27, 1993.

Hiscock & Barclay, Syracuse, NY, for defendants-appellants City of Syracuse Indus. Development Agency and Syracuse Economic Development Corp.; Robert A. Barrer, of counsel.

Shaw, Licitra, Parente, Esernio & Schwartz, P.C., Garden City, NY, for plaintiff-respondent Hotel Syracuse, Inc.; Stuart I. Gordon, of counsel.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

## I.  BACKGROUND

This Chapter 11 case was commenced in the Southern District of New York by the filing of a voluntary petition on October 26, 1990.  In November, 1990, the case was referred to Bankruptcy Judge Stephen J. Gerling pursuant to 28 U.S.C. § 157(a), after venue was transferred to the Northern District of New York.

On February 5, 1993, the United States Bankruptcy Court of the Northern District of New York (Gerling, J.) issued a Memorandum Decision, Findings of Fact, Conclusions of Law and order in the above-captioned matter ("Order").  In the subject motion, filed by Hotel Syracuse, Inc. ("Debtor") on July 30, 1992, and cross-motion on behalf of City of Syracuse Industrial Development Agency and Syracuse Economic Development Corporation (collectively, the "City"), all parties sought summary judgment on the issue of whether an agreement between the parties, dated May 2, 1981 and entitled Lease Agreement ("Lease"), constituted a "true lease" for purposes of § 365(d)(4) of the Bankruptcy Code.  Judge Gerling granted summary judgment to the Debtor, denied the City's cross-motion for summary judgment, and declared that the Lease was not in fact a

"true lease" under the Code. The instant motion concerns the timeliness of the City's efforts to appeal that decision of the Bankruptcy Court.

It is undisputed that the Order the City seeks to appeal was both signed by Judge Gerling, and entered by the Clerk of the Bankruptcy Court, on Friday, February 5, 1993. As such, and as both parties acknowledge in their papers, the final day on which the City could timely file its Notice of Appeal was Tuesday, February 16, 1993.[1] However, as advanced by the City's counsel, Hiscock & Barclay (Robert A. Barrer, Esq., of counsel), several unfortunate circumstances, including a family death and inclement weather conditions, prevented the timely filing of the Notice of Appeal with the Clerk of the Bankruptcy Court (Barrer Aff. ¶ 3, 4). Nevertheless, in an effort to comply with the 10–day filing deadline, counsel for the City transmitted a copy of their Notice of Appeal, via facsimile, to the Bankruptcy Court in Utica, New York late in the afternoon on February 16, 1993. One day later, on February 17, 1993, a "hard copy" of the Notice of Appeal was received by the Bankruptcy Court via overnight mail, and filed. It is relevant to note that the City did not request, either before or after the expiration of the time period to file its Notice of Appeal, an enlargement of the time within which to file pursuant to Bankruptcy Rule 8002(c). Bankr.Rule 8002(c), 11 U.S.C.A. (hereafter, "Rules").

Counsel for the City apparently believed that the submission by facsimile constituted timely filing, until receipt of the Bankruptcy Clerk's correspondence, dated March 10, 1993, indicating that the Notice of Appeal was being treated as untimely because it was not received by mail and filed until February 17, 1993. This motion quickly ensued, having been filed on March 12, 1993.

The City now seeks an order declaring that its facsimile transmission of its Notice of Appeal, and accompanying documents, constituted timely filing on February 16, 1993, or, in the alternative, an order granting the City leave to file the Notice of Appeal and accompanying papers with the Bankruptcy Court, *nunc pro tunc.*

For the reasons set forth herein, the City's motion is denied in its entirety.

## II. DISCUSSION

### A. Notice of Appeal Filing Requirements

Bankruptcy Rule 8001 requires that a notice of appeal be filed with the Clerk of the Bankruptcy Court within the time allowed by Bankruptcy Rule 8002. Rule 8002, in turn, is entitled "Time for Filing Notice of Appeal", and provides in pertinent part that the "notice of appeal *shall* be filed within 10 days of the date of entry of the judgment, order, or decree appealed from." Rule 8002(a) (emphasis added).[2] In the instant case, there is no dispute that the 10–day period for filing the City's Notice of Appeal began to run on February 5, 1993 and ended on February 16, 1993. *See* note 1, *supra.* Rather, the Court must address the propriety of facsimile filing and also determine, as the Debtor urges, whether this court has jurisdiction to grant the relief requested.

### 1. *The Filing Deadline is Jurisdictional in Nature.*

The 10–day period for filing a notice of appeal has been strictly construed, requiring strict compliance with its terms. *In re Shewchun,* 959 F.2d 236 (6th Cir. 1992); *In re Parkway Inn, Ltd.,* 936 F.2d 579 (9th Cir.1991); *In re Souza,* 795 F.2d 855 (9th Cir.1986); *In re Universal Minerals, Inc.,* 755 F.2d 309 (3d Cir.1985); *In re*

1. Ordinarily, the final day on which the City could have filed its Notice of Appeal would have been Monday, February 15, 1993. However, because that day was a legal holiday (President's Day), it was correctly not included in the computation of the 10–day filing period. *See* Bankr. Rules 8002(a) and 9006(a), 11 U.S.C.A.

2. "The notes of the Advisory Committee indicate the salutary policy underlying the 10–day limit. 'The time of appeal from a [bankruptcy] ...

order ... is 10 days rather than the 30 days provided for in civil practice. The shortened time is specified in order to obtain prompt appellate review ...'. Thus, the Bankruptcy Rules provide that appeals must be noticed within 10 days of entry of the judgment from which the appeal is taken." *Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 310 (S.D.N.Y.1987).

*Satellite Systems Corp.,* 73 B.R. 610 (S.D.N.Y.1987) (and cases cited therein); *Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 310 (S.D.N.Y. 1987) (and cases cited therein). More significantly, the 10–day deadline under Rule 8002(a) is jurisdictional in nature, so that a failure to timely file the notice of appeal deprives the district court of jurisdiction to review a bankruptcy court's order.[3] *In re Corto,* 1992 WL 279257, 1992 U.S.Dist. LEXIS 15296 (W.D.N.Y.1992); *In re Tutino,* 1991 WL 144199, 1991 U.S.Dist. LEXIS 10210 (N.D.N.Y.1991) (and cases cited therein); *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y.1976), *aff'd mem. sub. nom.,* 559 F.2d 1202, 1206 (2d Cir.1977). Indeed, in *In re Tutino,* then-Chief Judge McCurn stated:

> The court recognizes that this Notice of Appeal was filed *only one day late*—on April 30, 1991—but it is well settled that the 10 day limit is to be strictly construed, requiring strict compliance with its terms. Consequently, because [the creditor] did not comply with Rule 8002(a) and because he did not seek an extension of time in which to file an

appeal under Rule 8002(c), the court cannot overlook this jurisdictional defect. The appeal must be dismissed.

1991 WL 144199, 2, 1991 U.S.Dist. LEXIS 10210, 7 (N.D.N.Y.1991) (emphasis added) (citations omitted).

Based on the foregoing, it is clear that this court may not simply disregard or forgive a party's failure to comply with Rule 8002(a). However, this conclusion only begs the questions which the court must now address—first, whether submission of papers to the Bankruptcy Court by facsimile constitutes timely filing; and second, whether Bankruptcy Rule 9006(a) extended the 10–day filing period due to inclement weather. Because the court answers both these questions in the negative, it therefore follows that the City's appeal was not timely filed and this court is without jurisdiction to pass upon the City's request for an extension to do so.[4]

### 2. *Filing By Facsimile Is Not Permitted in the Northern District of New York.*

The court firmly rejects the City's contention that facsimile transmissions consti-

---

[3] The Debtor incorrectly asserts that this court lacks jurisdiction to even entertain the instant motion (Debtor Mem. 3/26/93 at 2; Gordon Aff. ¶ 6). It is true that this court is deprived of appellate jurisdiction *if* an appellant fails to file a notice of appeal within the 10–day period prescribed by Rule 8002(a), and thereafter fails to either (1) file with the Bankruptcy Court a request for an extension within the initial 10–day period, or (2) make a showing of excusable neglect entitling it to make such a request within the 20–day period following expiration of the time for filing. *See In re Universal Minerals, Inc.,* 755 F.2d 309, 312 (3d Cir.1985); Bankr. Rule 8002(c). But, this court cannot determine whether it has jurisdiction until it decides the merits of the instant motion. Refusing to entertain this motion on jurisdictional grounds puts the horse before the carriage.

It is clear that because the City did not utilize Rule 8002(c) in the instant case, this court is without jurisdiction to pass upon the City's request for an extension under that Rule (the City's request for a *nunc pro tunc* order is tantamount to a request for an extension of the filing period). However, the City not only requests an extension of the filing period, but also asserts that its filing was timely *in the first instance,* either by virtue of its facsimile transmission, or by virtue of an automatic extension under Rule 9006(a). If either contention were accurate,

then its Notice of Appeal *would have been* timely filed, this court would have appellate jurisdiction, and the City's appeal could continue. So, the issue of whether the City's Notice of Appeal was timely filed is a *threshold matter* that must be addressed. Absent resolution of this issue, the effect of the City's purported filing and, consequently, the issue of this court's appellate jurisdiction, would remain unanswered. In sum, the court has no jurisdiction to consider the City's request for an extension of the filing period, but it does have jurisdiction to determine whether the City did, in fact, timely file its Notice of Appeal.

[4] It is clear that the district courts, like the bankruptcy courts, lack the power to grant a *nunc pro tunc* extension of the filing period. As the court stated in *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y.1976), *aff'd mem. sub. nom.,* 559 F.2d 1202, 1206 (2d Cir.1977):

> "Such action would give the Bankruptcy Court the potential power to revive an appeal at any time. Rule 8002(c) expresses the Congressional policy of curbing the inherent discretionary power some courts asserted to granting extensions of time to appeal after the original time expired. The *nunc pro tunc* device advocated by plaintiffs would undermine the finality of orders and specifically contravene the intent of Rule 8002(c)."

tute a valid method of filing in the Bankruptcy Court or District Court of the Northern District of New York.

General Order 23 became effective in the Northern District of New York on March 1, 1990. It provides, *inter alia:*

After numerous inquiries, the General Counsel of the

Administrative Office of the U.S. Courts issued the following statement: "We have consistently advised that filing by fax or computer is not authorized by the Federal rules. Although the Federal rules do not specifically preclude such filing, Federal Rules of Civil Procedure 5(e) and 11 would appear to require the filing of an original document with an original signature. We have been unable to find any case law, or any commentary, on this issue. In addition, we are advised by [the] Local Rules Project of the Committee on Rules of Practice and Procedure that they are not aware that any district court has promulgated local rules on this subject. Pending such developments, we think that the best interpretation of the Federal Rules is that facsimile filing is not authorized." *Bankruptcy clerks were instructed in 1988 to not accept facsimile filing.*

.      .      .      .      .

Materials transmitted to the clerk's office by facsimile will be received and dated but not docketed unless a clerk is ordered to do so by a federal judge.... The original document will be filed and docketed on the date it is received in the clerk's office.

*This administrative policy cannot be construed as a statement that faxed documents received by the clerk's office will be reviewed by the court or will be considered as a timely filed document.*

General Order 23, Local Rules (N.D.N.Y.), eff. March 1, 1990 (emphasis added).[5]

■ The import of General Order 23 is clear and unequivocal. Facsimile filing in the Northern District of New York has not heretofore been authorized. Because neither the Bankruptcy Rules nor any other controlling statutes, rules or case law provide otherwise, the City's attempt to rely on facsimile filing must fail.[6] Also persuasive, though not controlling,[7] is the fact that Rule 5 of the Federal Rules of Civil Procedure was amended shortly after General Order 23 was promulgated. The amendment, which became effective on December 1, 1991, added the following language to Rule 5:

Papers may be filed by facsimile transmission *if* permitted by the rules of the district court, provided that the rules are authorized by and consistent with standards published by the Judicial Conference of the United States.

Fed.R.Civ.P. 5(e) (Moore 1993).

No such rule has been adopted in the Northern District of New York.

■ Because it has become very convenient and rather inexpensive to transmit information by facsimile in a matter of seconds, attorneys are attempting to bypass regular and special mail service by faxing documents and correspondence to the Clerk's Office. However, until such time as the Northern District of New York sees fit to permit filing by facsimile, this method of submission shall not constitute valid or timely filing of documents. As such, the court declines to hold that the City's facsimile transmission in the instant

---

**5.** Other district courts have adopted similar local rules. *See, e.g., F.D.I.C. v. Wysong,* 738 F.Supp. 1086, 1088 n. 4 (W.D.Mich.1990) ("facsimile pleadings and their copies are not acceptable as filings for pleadings in this court").

**6.** Counsel's argument that he has "been a member of the bar of this Court for 10 years [and has] never seen nor heard of any such General Order" (Barrer Aff. ¶ 5) is without merit. The burden rests squarely on all attorneys who practice law in this district to familiarize themselves

with the district's Local Rules, and to argue unfamiliarity with them is feckless.

**7.** The Federal Rules of Civil Procedure make clear that the Bankruptcy Rules govern bankruptcy proceedings. *See* Advisory Committee Notes, Fed.R.Civ.P. 1.5[4] (Moore 1993), *citing* 8 & 9 Collier on Bankruptcy (15th ed. 1991). Included under the charge of the Bankruptcy Rules are appeals. *See* Bankr.Rule 8002.

case constituted timely filing of its Notice of Appeal.[8]

## B. Bankruptcy Rule 9006 Furnishes No Support For An Extension of the Filing Period.

The City further asserts that it was entitled to an extension of the 10–day filing period under Bankruptcy Rule 9006. Rule 9006(a) expressly provides that the last day of any limitation period under the Bankruptcy Rules will not be included in the computation if the last day of the period is a Saturday, Sunday, legal holiday, or a date that the Clerk's Office is inaccessible due to weather conditions. Rule 9006(a).[9] In the instant case, the City argues that "[t]he weather made it impossible to otherwise comply with the deadline." (Barrer Mem. 3/11/93 at 4; Barrer Aff. ¶ 4). The Court disagrees and holds that, under the present circumstances, Rule 9006 furnishes no support for the City's late filing of its Notice of Appeal.

In construing the "weather exception" of Rule 9006(a), much, if not all, hinges on the meaning of the word "inaccessible." Courts have interpreted this language narrowly, the general thrust being that the clerk's office must be physically inaccessible (i.e. *closed* ) before the exception will apply. *See e.g., In re Brenner,* 1991 WL 239942, 1991 U.S.Dist. LEXIS 16468 (E.D.Pa.1991) (appellant could not avail itself of Rule 9006(a) where the "clerk's office was not *closed* [during the filing period] due to inclement weather"); *In re Bicoastal Corp.,* 136 B.R. 288 (Bankr. M.D.Fla.1990) (Rule 9006 provides no support unless inclement weather physically prevents access to the Clerk's Office itself, and not when the selected method of transmission fails to arrive at the Office of the Clerk; this is especially true where counsel waits until the very last day to file). In cases where the courts have chosen to extend a filing deadline because of inclement weather, they have done so only when weather has caused the clerk's office to close. *See, e.g., In re Richards,* 148 B.R. 548 (Bankr.N.D.Ill.1993) ("The plain meaning of the rule allows plaintiffs ... an extra day to file ... when inclement weather causes the clerk's office to *close* on the date of the original deadline.").

In the instant case, the facts clearly indicate that the Bankruptcy Clerk's Office in Utica was not physically inaccessible due to inclement weather on February 16, 1993. To be sure, that office remained open for the entire day and was accessible to the general public. The court finds it implausible that weather is to blame for the City's failure to timely file its Notice of Appeal.

Moreover, the pertinent facts of this case militate against an extension of the filing period.[10] Counsel for the City contends

---

**8.** The court acknowledges that several state courts in New York have authorized facsimile submission under limited circumstances, *see, e.g., People v. Guzman,* 151 Misc.2d 289, 581 N.Y.S.2d 117 (N.Y.Crim.Ct.1992) (faxed copy of supporting deposition sufficient to convert complaint into an information, provided certain safeguards ensure authenticity); *People v. Flores,* 138 A.D.2d 512, 526 N.Y.S.2d 125 (2d Dep't 1988), *appeal denied,* 72 N.Y.2d 859, 532 N.Y.S.2d 509, 528 N.E.2d 899 (facsimile of reproduced document admissible if original is in existence and available for production); *Calabrese v. Springer,* 141 Misc.2d 566, 534 N.Y.S.2d 83 (N.Y.C.Civ.Ct.1988) (service of interlocutory papers via fax machine complies with CPLR 2103(b)). Note also, however, that some statutes have refused to permit service by facsimile, especially where jurisdictional implications arise. *Matter of Secil Marshall,* 144 Misc.2d 193, 544 N.Y.S.2d 437 (Ct.Cl.1989) (service of a claim by fax not authorized by Court of Claims Act § 11 and is insufficient for purposes of obtaining personal jurisdiction).

**9.** The "inaccessible due to weather conditions" clause was added to Rule 9006(a) fairly recently and became effective on August 1, 1987.

**10.** The City's affidavit in support of this motion is inconsistent with its earlier correspondence to the Bankruptcy Court. Previously, the City stated that it attempted to file the Notice of Appeal on February 15, 1993, only to find the clerk's office closed because of the federal holiday (Letter to Bankruptcy Court dated February 16, 1993, Barrer Aff., Exhibit A). In support of this motion, however, the City states that it was "not possible to do any work on the file for February 13, 1993, February 14, 1993, and all day February 15, 1993" (Barrer Aff. ¶ 3), and that the documents were not completed and ready for filing until February 16, 1993 (Barrer Reply Aff. ¶ 6). The City's explanation for these

that the death of his wife's grandmother prevented him from working on the Notice of Appeal for a three day period prior to the appeal bar date. While a death in one's family is certainly an unfortunate event which can cause unavoidable interruption in one's work routine, it is beyond the Court's understanding why counsel did not immediately tap the resources of his law firm of well over 100 members.[11] With an unexpected family tragedy on Saturday and a Notice of Appeal due three days later, a more prudent course of conduct would have been to simply request assistance from another attorney.[12]

Finally, and perhaps most significantly, the City's reliance on Rule 9006 in this court is altogether misplaced. Although Rule 9006(a) provides a "weather exception" in cases where the Clerk's Office becomes inaccessible, subsection (b) expressly limits the court's power to grant relief under Rule 9006. Rule 9006(b) provides that "the court may enlarge the time for taking action under Rule[ ] ... 8002 ... *only to the extent and under the condi-*

*tions* stated in [that] rule." Rule 9006(b)(3). Rule 8002(c), in turn, governs the extension of time for appeals, and grants only the Bankruptcy Court the authority to extend the filing deadline.[13] Therefore, even if this court were to find merit in the City's argument that weather precluded the filing of its Notice of Appeal, the finding would be of importance *only if* the Bankruptcy Court had first passed on the same issue. *See* Rule 8002(c). However, the City failed to take advantage of Rule 8002(c)'s provisions. It did not apply to the Bankruptcy Court, prior to the expiration of the 10–day filing deadline, for an extension of time to file the Notice of Appeal,[14] nor did it make such an application within twenty days following the expiration of the 10–day filing period on grounds of excusable neglect. In other words, the City had until March 8, 1993 by which to apply to the Bankruptcy Court for an extension of time within which to file and it failed to do so. The court does not now feel compelled to extricate the City from its failure to resort to available remedies.[15]

---

inconsistencies—namely, that they are attributable to a poor "choice of words"—smacks of disingenuousness.

11. Furthermore, even though a natural disaster or inclement weather might make the Bankruptcy Clerk's Office "inaccessible", and thereby prevent the expiration of the 10–day filing period, counsel for the City has failed to explain why he or one of the many other attorneys in his office did not attempt to file the Notice of Appeal during the week preceding the inclement weather. *See e.g., In re Brown,* 102 B.R. 187, 189–190 (Bankr. 9th Cir.1989) (although disastrous fire occurred at an unfortunate time, the argument that it was "impossible" to file the motion to extend the time to file before passage of the bar date was without merit, especially given counsel's inability to explain why co-counsel could not have prepared and filed the necessary papers during the entire prior week).

12. As the Debtor correctly points out, a notice of appeal is a simple, 1–2 page document. *U.S. v. California State Bd. of Equalization,* 683 F.2d 316, 317 (9th Cir.1982) ("[t]he notice of appeal is a simple, one-page document, requiring little preparation time or skill."). Furthermore, the notice of appeal is the only document which must be filed with the Bankruptcy Court in order to preserve one's right to appeal. *See* Rule 8002(a).

13. Bankruptcy Rule 8002(c) provides in pertinent part that "[t]he *bankruptcy judge* may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal *must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect ...".* Rule 8002(c) (emphasis added).

14. This could have been accomplished by a simple telephone call to the Bankruptcy Court on February 16, 1993.

15. The City's "excusable neglect" argument is also without merit. Where a party does not move for an extension of time to file a notice of appeal, an excusable neglect analysis is not appropriate. *In re Mullis,* 79 B.R. 26, 27 (D.Nev. 1987) (excusable neglect analysis "would only be available to an appellant if he had filed a motion for an extension of time between eleven and thirty days after entry of the order appealed from."); Rule 8002(c). Because the City made no such motion between February 17, 1993 and March 8, 1993 (or at all for that matter) an excusable neglect argument is not appropriate.

Even assuming *arguendo* that the City had attempted to make a timely showing of excusa-

### C. The City's "Late" Receipt of the Order is Irrelevant.

Finally, the City argues that it should be relieved of its failure to meet the appeal deadline because Judge Gerling's Order was filed on February 5, 1993, but not received by counsel until Monday, February 8, 1993, thereby leaving the City only eight days to file its Notice of Appeal (Barrer Mem. 3/11/93 at 5). This argument is wholly without merit.

■ Bankruptcy Rule 9022 provides in pertinent part: "Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail.... *Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed,* except as permitted in Rule 8002." Rule 9022(a) (emphasis added).[16] Thus, where a clerk fails to send notice of the entry of an order, whether entirely or after long delay, there is no effect on the running of the time to file the notice of appeal. *Twins Roller Corp. v. Roxy Roller Rink Joint Venture,* 70 B.R. 308, 311 (S.D.N.Y.1987); *In re Mullis,* 79 B.R. 26, 27 (D.Nev.1987) ("lack of notice of an order is immaterial to the issue of whether a notice of appeal from the order is timely.").

In the case at bar, the Clerk of the Bankruptcy Court diligently mailed the Order on the very day it was signed, thereby ensuring receipt by the City's counsel on Monday, February 8, 1993. The City's argument that it lost three days in order to prepare its Notice of Appeal is a specious one.

## III. CONCLUSION

For the reasons discussed herein, it is hereby

**ORDERED** that the defendants-appellants' motion for an order declaring that its facsimile transmission of its Notice of Appeal, and accompanying documents, constituted timely filing on February 16, 1993, is **denied,** and it is further

**ORDERED** that the defendants-appellants' motion for an order granting them leave to file the Notice of Appeal and accompanying papers with the Bankruptcy Court, *nunc pro tunc,* is **denied,** and it is further

**ORDERED** that because the defendants-appellants' Notice of Appeal was not timely filed, this Court lacks appellate jurisdiction; therefore, the appeal is hereby **dismissed,** and it is further

**ORDERED** that the plaintiff-respondent's request for the expenses and costs of responding to this motion is **denied.**

### IT IS SO ORDERED.

---

ble neglect under Rule 8002(c), that standard is strict and must be applied narrowly. *In re Ghosh,* 47 B.R. 374 (E.D.N.Y.1984). Generally, a party must show that the circumstances causing the delay were unique and courts should not deviate from the letter of the Rules without a compelling showing that the purposes of the Rules are being served. *Fase v. Seafarers Welfare & Pension Plan,* 574 F.2d 72, 74 (2d Cir. 1978). Here, the City has not demonstrated such unique and compelling circumstances that would have warranted a finding of excusable neglect, and the court finds that fortuitous snow accumulation does not, in and of itself, constitute sufficiently unique circumstances to amount to excusable neglect.

Also unavailing is the City's argument that the Bankruptcy Clerk had a duty to immediately notify counsel that its facsimile transmission was untimely (Barrer Reply Aff. ¶ 5). Even if the Bankruptcy Rules placed such a burden on the Clerk, failure to provide such notice, as under Rule 8002(a), would in no way affect the extension period under Rule 8002(c). *See* note 16, *infra.*

16. The Advisory Committee Note to Rule 9022 states that "Subdivision (a) of this rule is an adaptation of Rule 77(d) F.R.Civ.P." The Advisory Committee Note on Federal Rule 77(d) states that "notification by the clerk of the entry of the judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal ... It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of entry of a judgment.... This rationale applies with equal force to Bankruptcy Rule 9022(a)."