59 F.3d 172
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re William D. ZACK; Jacqueline S. Zack, Debtors.
William D. ZACK, Plaintiff-Appellant,
v.
Lester J. SOVA, Defendant-Appellee,
Kenneth Kazerski; Roy Schwochow, Movants-Appellees.
 No. 94-1536.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 William D. Zack, proceeding pro se, appeals a district court order dismissing his untimely bankruptcy appeal for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 On January 22, 1992, United States Bankruptcy Judge Ray Reynolds entered an order clarifying and lifting the automatic stay on Zack's adversary proceeding in Macomb County, Michigan, Circuit Court. The adversary proceeding was brought by Zack and his wife Jacqueline Zack, and alleged, inter alia, fraud by the defendants. Thereafter, Zack filed a "Notice of Delayed Appeal" on July 14, 1993. After reviewing Zack's affidavit setting forth dates on which Zack received various court rulings, the district court concluded that it lacked jurisdiction to adjudicate this matter as his appeal was untimely, and dismissed the case.
 
 
 3
 Upon review, we affirm the district court's order. In reviewing a district court's determination concerning its jurisdiction, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. Certain Interested Underwriters at Lloyd's, London, England v. Layne, 26 F.3d 39, 41 (6th Cir. 1994).
 
 
 4
 The district court's findings of fact are not clearly erroneous. A finding of fact will only be clearly erroneous when, although there is evidence to support it, "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."' Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir. 1987), cert. denied, 486 U.S. 1022 (1988).
 
 
 5
 Upon review of the record, the district court found that Zack had filed his notice of appeal on July 14, 1993, seventeen months after entry of the January 22, 1992, order. Zack filed an affidavit in the district court stating that he did not receive proper service of the January 22, 1992, order. He claimed that he did not receive a copy of the order until July 6, 1993.
 
 
 6
 The district court concluded that the record indicated that Zack had counsel at the time the order was entered, and that even if Zack did not receive a copy of the order, there was no indication that Zack's counsel did not. The district court further noted that even if Zack, or his counsel, never received the January 22, 1992, order, Zack knew of its entry because of the subsequent litigation of the adversary claim in Macomb County Circuit Court. The defendants' summary disposition motion, dated June 19, 1992, clearly noted the lifting of the stay. Zack responded to this motion on August 31, 1992, thus indicating that Zack had knowledge of the motion's contents, including the reference to the lifting of the stay.
 
 
 7
 Given these circumstances, the district court properly dismissed this action for lack of jurisdiction. A party dissatisfied with a bankruptcy court order generally has ten days from the date of the entry of the order within which to file a timely notice of appeal. Bankruptcy Rule 8002(a). The ten-day deadline is jurisdictional in nature, and failure to file a timely notice of appeal deprives the district court of jurisdiction to review a bankruptcy court's order. Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir. 1994); Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.), 684 F.2d 410, 412 (6th Cir. 1982). The ten-day period for filing a notice of appeal has been strictly construed, requiring strict compliance with its terms. Hotel Syracuse, Inc. v. City of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.), 154 B.R. 13, 15 (N.D.N.Y. 1993). Here, the bankruptcy court order clarifying and lifting the automatic stay on Zack's adversary proceeding was entered January 22, 1992. Thus, Zack had until February 1, 1992, to file a timely notice of appeal. Zack's notice of appeal was not filed until July 14, 1993, well beyond the ten-day deadline. Thus, the district court properly dismissed this appeal.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.