### In re NORTHEAST MANAGEMENT SERVICES, INC., Debtor.

Northeast Management Services, Inc., Debtor – Appellant,

v.

City of Syracuse, Respondent – Appellee.

No. 99–CV–191 (LEK).

United States District Court, N.D. New York.

Aug. 6, 2001.

Stefan D. Berg, Syracuse, NY, for Debtor.

John G. Stone, Syracuse, NY, for Appellee.

### Memorandum—Decision and Order

KAHN, District Judge.

Presently before the Court is Debtor's appeal from a decision by the Honorable Stephen D. Gerling, Chief United States Bankruptcy Judge, issued on October 2, 1998.

### I. Background

Debtor filed for bankruptcy under Chapter 11 of the Bankruptcy Code in 1995 because of its inability to pay property taxes that the City of Syracuse levied against eight pieces of property that it owns.[1] The tax assessments against these

---

1. The eight pieces of property are located on     five parcels of land located on North Midler

properties were made from 1989 until 1993. Pursuant to 11 U.S.C. § 505, Debtor sought to have Judge Gerling reevaluate the amount of taxes levied against its properties.

On February 11, 1998, Judge Gerling held a hearing to determine the proper value of Debtor's properties and the level of taxes that the City of Syracuse could levy against them. On October 2, 1998, Judge Gerling issued a Memorandum–Decision and Order stating that the assessed value of the properties was $573,750, $573,750, $586,500, $603,500, and $595,000 for the years 1989 through 1993, respectively. Because Judge Gerling failed to include the actual year of the opinion on the signature line of his October 2, 1998 opinion, he issued an "Entry of Errata" on October 15, 1998 that corrected this error. Disagreeing with the contents of Judge Gerling's tax assessment, Debtor filed a motion for reconsideration of the October 2, 1998 opinion on October 26, 1998, which Judge Gerling denied on January 7, 1999.

Debtor's appeal of the October 2, 1998 opinion followed and is based, in part, on the grounds that Judge Gerling's tax assessment of the questioned properties included values for buildings that were vacant and had no practical commercial value, that the value of these properties during the years at issue was closer to $200,000, and that the Bankruptcy Court failed to follow the mandates of New York's Real Property Tax Law when determining the properties' value. The City of Syracuse argues, in part, that Debtor's appeal is not timely, Debtor's failure to designate its October 26, 1998 motion for reconsideration as part of the record renders the instant appeal defective, and the Bankruptcy Court did not abuse its discretion when it determined the value of the eight properties subject

to the instant dispute. Because the Court concludes that Debtor's appeal is untimely, it does not address the other issues raised.

## II. Discussion

■ A motion to alter or amend a judgment is considered timely if it is "filed no later than 10 days after entry of judgement." Fed.R.Civ.P. 59(e); *see also* Fed.R.Bankr.P. 9023 (incorporating FedR.Civ.P. 59 into proceedings brought before a bankruptcy court); *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 76 (2d Cir.1995). A motion for reconsideration is, as a practical matter, a motion for amendment of judgment under Fed.R.Civ.P. 59(e) as it seeks to reopen the lower court's decision on the theory that the court made mistaken findings in the first instance. *See City of Hartford v. Chase,* 942 F.2d 130, 133–34 (2d Cir.1991). Because of this fact, motions for reconsideration are treated as motions brought pursuant to Fed.R.Civ.P. 59(e) for purposes of measuring the timeliness their filing. *See United States ex rel. McAllan v. City of New York,* 248 F.3d 48, 52 (2d Cir.2001). Under Fed.R.Bankr.P. 8002, a party seeking to appeal a bankruptcy court decision must file that appeal within ten days after entry of that decision or within ten days after a decision is rendered on a timely motion for reconsideration filed in relation to the underlying decision. *See* Fed.R.Bankr.P. 8002(a)–(b).

Respondent argues that the instant appeal is untimely because Debtor did not file a timely notice of appeal within ten days after Judge Gerling issued his October 2, 1998 decision or timely file a motion for reconsideration relating to that decision. In response, Debtor argues that it did timely file a motion for reconsideration relating to Judge Gerling's October 2, 1998 decision. Debtor avers that Judge Ger-

Avenue in Syracuse, New York and Dewitt, New York.

ling's "Entry of Errata" purportedly changed the date of the October 2, 1998 decision to October 15, 1998. Thus, Debtor argues that its motion for reconsideration, pursuant to the time computation specification provided for in Fed. R.Bankr.P. 9006, was timely filed on October 26, 1998. *See* Fed.R.Bankr.P. 9006. This Court disagrees.

■ As a factual matter, Judge Gerling's "Entry of Errata" did not change the date of his October 2 decision to October 15. It was simply an administrative, non-substantive clerical mistake, that inserted the correct year into the date line of that decision. Not only do bankruptcy courts, like all trial courts, have the ability to correct clerical mistakes in their decisions, *see generally* Fed.R.Civ.P. 60(a); Fed. R.Bankr.P. 9024, but the correction of that mistake did not somehow relieve Debtor of its obligation to appeal that decision or file a motion for reconsideration within ten days of the originally issued opinion, *Cf. Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 85 n. 13 (E.D.Pa.1992) (noting that because the Court's revised opinion specifically stated that for purposes of Fed.R.Civ.P. 59 the parties should treat it as having been entered on a specific date, the Court would treat it as having been entered on that date). Moreover, had Judge Gerling intended the issuance of his "Entry of Errata" to change the tolling period for Debtor to either file an appeal or a motion for reconsideration, he would have noted that on the Errata sheet itself as the Court did in *Project 74 Allentown, Inc. v. Frost.*

■ Since he did not do this and indicated when issuing his bench decision regarding Debtor's motion for reconsideration that the "Entry of Errata" did not intend to substantively change his previously entered opinion, this Court is in no position to breathe new jurisdictional life "into an appeal whose filing time has already expired, unless unique circumstances so require." *United States ex rel. McAllan*, 248 F.3d at 51. The Supreme Court has held that the "unique circumstances doctrine" applies only to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). Thus, when an attorney relied upon a district court's electronic docketing system to ascertain the deadline to file an appeal and that system failed to indicate that a final order existed, the Eleventh Circuit Court of Appeals excused petitioner's failure to timely file an appeal. *See Hollins v. Department of Corrections*, 191 F.3d 1324, 1328 (11th Cir.1999).

■ Here, Debtor has not provided any indication that it was purposely told that the "Entry of Errata" was forthcoming and that it did not need to take action before it was issued nor has it provided any substantive explanation as to why it otherwise failed to take any action within ten days of the Bankruptcy Court's issuance of its October 2, 1998 decision. Consequently, Debtor has not met its burden of demonstrating any unique circumstances regarding its delay. When combined with the fact that the timing requirements contained in Fed.Bankr.R.P. 8002, are "strictly construed," *Hotel Syracuse, Inc. v. City of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.)*, 154 B.R. 13, 15 (N.D.N.Y.1993), the end result is that this Court does not have jurisdiction to entertain the instant appeal. *See Robbins v. Thomson McKinnon Sec., Inc.*, No. 97 CIV 350, 1997 WL 811534, at *2 (S.D.N.Y. June 11, 1997); *Hotel Syracuse, Inc.*, 154 B.R. at 16; *Stephen Rose &*

*Partners, Ltd. v. Togut, Segal & Segal (In re Satellite Sys. Corp.),* 73 B.R. 610, 611 (S.D.N.Y.1987). The Court is mindful that this penalty is severe but as the Supreme Court has observed, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke,* 471 U.S. 84, 101, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985).

### III. Conclusion

Accordingly, it is hereby

ORDERED that the above captioned appeal be DISMISSED in its entirety; and it is further

ORDERED that the Clerk shall serve a copy of this Order by United States Mail upon the attorneys for the parties appearing in this action.

IT IS SO ORDERED.